[No. 1016. Decided November 24, 1893.]

D. ALLEN AND M. J. COCHRAN, *Respondents*, v. FRANCIS R. WALL, *Appellant*.

RES ADJUDICATA — JUDGMENT FOR BREACH OF CONTRACT NO DEFENSE TO ACTION FOR CONSIDERATION.

Where judgment in an action for damages for the breach of a contract was obtained, and no rescission of the contract was sought in the action, *res adjudicata* cannot be pleaded to an action on certain promissory notes which were given as consideration for the contract.

*Appeal from Superior Court, Chehalis County.*

*J. C. Cross*, and *F. R. Wall*, for appellant.

*M. J. Cochran*, and *S. J. White*, for respondents.

The opinion of the court was delivered by

DUNBAR, C. J. — The controlling question in this case is, did the court err in sustaining the respondents' motion to strike a portion of appellant's answer? Or, in other words, does the matter stricken out present facts sufficient to constitute an estoppel, if proven? We will not stop to discuss the question whether the objection should have been made by motion, or demurrer. The court probably treated it as a demurrer to the answer.

We do not doubt the soundness of the principles of law contended for by appellant, that "the judgment of a court of competent jurisdiction, upon a question directly involved in the suit, is conclusive in a second suit between the same parties, or their privies." This rule is beyond controversy, and is the universally accepted law governing *res adjudicata*. And so with the other rule that, "however numerous the questions involved in the suit, if they were tried and decided, the renewal of litigation for any one of the same causes violates the doctrine of *res adjudicata* as much as if the first suit presented but one issue." And so with substantially all the legal propositions contended for by appellant. But, conceding the soundness of appellant's propositions, and accepting the authorities cited, we are unable to see their application to this case.

First, let us see what was actually adjudicated in the case of Wall *v.* Finch, which judgment is pleaded as *res adjudicata* in this case. Omitting the formal parts of the judgment, it recites as follows:

"And, afterwards, to wit, on the 17th day of February, 1893, the jury returned into court its verdict, finding for the plaintiff, and assessing his damages at $240.00."

And the judgment, continuing, says:

"Now, therefore, by virtue of the premises aforesaid, and the verdict of the jury, it is ordered and adjudged that the plaintiff, F. R. Wall, do have judgment against the said defendant, Edward C. Finch, and that he do have and recover of and from the said Finch the sum of $240.00 and costs of suit, taxed at $128.35, and that he may have execution therefor."

Certainly, then, all that was really adjudicated was a plain matter of damages, and it cannot be inferred from the judgment that there was any question of a rescission of contract in the case. But, conceding for the sake of argument, the correctness of the further proposition urged by appellant, that "the estoppel extends to all matters which could rightfully have been decided under the pleadings," we are still of the opinion that the complaint in the case of Wall v. Finch shows that the action was simply an action for damages for the violation of a contract, and in no sense an action for a rescission of the contract. Paragraph 4 of the complaint, which contains the main allegation of grievance, is as follows:

"That on account of said defendant so establishing and founding, and being instrumental and assisting in establishing and founding, the said the Aberdeen *Weekly Bulletin* and the said job printing office, the said plaintiff has been greatly injured and damaged and deprived of proceeds of the said Aberdeen *Herald* and the said job printing office, which would otherwise have come to him. That on account of such conduct on the part of the said defendant, failing to keep his said contract as aforesaid, the actual and cash value of the said plaintiff's newspaper and job printing office and business has decreased, and is not now what it would have been in cash value, had not defendant not broken his said contract as aforesaid. And on account of such breach of defendant as aforesaid, the plaintiff has been damaged and injured in the management and sale of his said newspaper, and deprived of the sale of very many of his said newspapers, and of the profits which would have

arisen therefrom, and which would have otherwise have come to him. And on account of such breach on the part of the said defendant, the said plaintiff has been deprived of a great amount of advertisements and notices, and the profits arising therefrom, which would have come to him and his said newspaper had not the said defendant broken his said contract as aforesaid. And the plaintiff has been greatly injured and damaged on account of said breach of contract as aforesaid, by the said defendant, by being deprived of a great amount of work, printing and job work, and the profits that would have arisen therefrom, which would have otherwise have come to the said plaintiff's said job printing office. And the plaintiff alleges that, on account of the said breach as hereinbefore set out, he, said plaintiff, has been deprived of a large amount of money which would otherwise have come to him, arising from the sources hereinbefore mentioned, and defendant, by his said breach, has damaged plaintiff in the manner aforesaid in the sum of three thousand dollars.''

It is true that the complaint alleges that the defendant Finch did fraudulently, etc., establish a newspaper, contrary to the terms of the agreement; yet we think that this statement, when taken in connection with the whole complaint, was really nothing more than an allegation that he did so in willful violation of his contract.

It is true, also, that the plaintiff prays that the defendant Finch be restrained from disposing of the notes, and that the said notes be delivered up and canceled, but paragraphs 7 and 8, which are as follows:

"7. That the plaintiff has good reason to believe that the defendant will endeavor to transfer said notes and mortgage before said plaintiff can obtain judgment against the said defendant; and that should said notes and mortgage be assigned, this plaintiff would be wholly without remedy, either at law or in equity, for the damage he has suffered; and that he is at present without adequate remedy at law.

"8. That the plaintiff is not sufficiently acquainted with the financial standing of the defendant to know whether a

judgment against said defendant could be collected or not; but his belief is that such a judgment could not be collected, and he therefore alleges that said defendant is insolvent, and that if said notes are permitted to be assigned a judgment cannot be collected against the said defendant,'' explain the reason for this demand, and show that the pleader did not desire or ask to have the notes brought in for the purpose of rescinding the contract, but for the sole purpose of being applied on the judgment for damages which he hoped to obtain. The injunctive relief was abandoned at the trial, presumably because it had no place in such an action. The plaintiff had not asked for any rescission of the contract; no tender had been made or pleaded; he was still confessedly in the possession of the fruits of the contract. A contract cannot be rescinded on one side, and left in force on the other. The most venerable maxim of the law is, that ''he who asks equity must do equity.'' If the contract had been fraudulently violated, the plaintiff had two remedies, either of which he could have invoked. He could have sued in a court of equity for a rescission of the contract, and asked to be placed in the same position in which he was before the contract was executed, or he could still have carried on business under the contract, and asked for damages in a court of law for its violation. He elected the latter remedy, and he must be bound by it. If he was not satisfied with the judgment in that case, he should have appealed. This he did not do, and the rights of the parties have been determined in that case. This determination was acknowledged and respected by the court in this case by offsetting the judgment in this case to the extent of the judgment in that. If the present action had never been brought, all that Wall could have obtained from Finch was the amount of his judgment, to wit, $240. Under what theory he expects to get that judgment increased by reason of the institution of this suit, we are unable to understand.

We do not agree with the contention of the respondents in regard to the amount which under the contract was to be paid for in printing. The appellant might not have been willing to have contracted to have paid that amount in money, and it may have been one of the considerations for the purchase that the amount could be paid for in work; to which a profit presumably attaches. To enforce the collection of this amount in cash would be equivalent, or at least might be equivalent, to compelling the appellant to pay more than he contracted to pay for the plant. The parties must be bound by the contracts which they make. We think the judgment in all respects is right.

It is, therefore, affirmed.

SCOTT, HOYT, ANDERS and STILES, JJ., concur.