ELIZA J. WILLOUGHBY, Executrix,

*vs.*

THE ATKINSON FURNISHING COMPANY.

Knox.     Opinion April 14, 1902.

*Judgment. Pleading. Rent. R. S., c. 94, § 10.*

The law does not permit a party to bring one suit and recover damages for a part of the injury resulting from a single breach of contract, and after obtaining judgment and satisfaction for that, to institute another suit for another part of the injury from the same cause.

In a former suit plaintiff recovered judgment for the same breach of contract complained of here, which has been paid. There was but one breach of·contract, and only one suit for that breach can be maintained. In the absence of fraud or concealment by defendant, which is not shown, plaintiff could have recovered her full damages in her first suit. If she neglected to include therein all items which she could have recovered for, she cannot subject the defendant to another action therefor. *Held;* that the judgment in the prior suit is a bar to this.

See *Willoughby* v. *Atkinson Furnishing Co.*, 93 Maine, 185.

On report. Judgment for defendant.

Assumpsit to recover the sum of seven hundred and thirty-one dollars and twenty-five cents, being the amount claimed by plaintiff

for loss of use and rent of a three-story brick building, situated in Rockland, and being part of the testate estate of the late J. S. Willoughby, deceased, late of said Rockland.

The case is stated in the opinion.

*D. N. Mortland*, for plaintiff.

*C. E. and A. S. Littlefield*, for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

STROUT, J. Plaintiff's testator, on the fifteenth day of August, 1893, leased to defendant, by a lease under seal, the "Willoughby block" in Rockland, for a term of three years from the first day of September, 1893, "with the privilege at the end of said term of releasing for a term of ten years or any part thereof at the same yearly rental." On August 31, 1896, defendant exercised its option to extend the term for three months, and gave the lessor written notice thereof. Defendant continued its occupancy till December 1, 1896, when it vacated the premises and tendered the keys to the lessor. All rent up to December 1, 1896, has been paid.

The lease authorized defendant to remove whatever partitions in the building they desired during their occupancy, "provided said company replace said partitions in as good condition as they find them." The defendant under this permission made extensive alterations, but did not replace the partitions at the end of the term. This constituted a breach of defendant's obligation. It was one breach entire and indivisible. For this breach the lessor brought an action of assumpsit on August 18, 1897, under the provisions of R. S., c. 94, § 10, which authorized "sums for rent on leases under seal or otherwise, and claims for damages to premises rented" to be recovered in that form of action, "on account annexed to the writ, specifying the items and amount claimed." In that action the items specified in the account were rent for three months after the premises had been vacated by defendant on December 1, 1896, and damages to the block for not restoring the premises to their condition at date of lease, and for cost of elevator put in by lessor, and cost of removing

same. In that action the law court held that rent could not be recovered after termination of the tenancy and vacation of the premises by the defendant, and that the claims in regard to the elevator could not be upheld, but that the damages for not restoring the building could be recovered. *Willoughby* v. *Atkinson Furnishing Co.*, 93 Maine, 185. That action then proceeded to judgment, and the lessor recovered as damages the sum of sixteen hundred and forty dollars, which was paid by defendant before this suit was brought.

In the present suit, plaintiff seeks to recover from defendant loss of rent, income and use of the Willoughby block, from November 30, 1896, to June 1, 1897, at the rental named in the lease, "by reason of its failure to restore the partitions and other changes made as per agreement and lease." To this claim the defendant pleads the former suit and judgment as a bar. We think it must be so regarded.

There was but one breach, the failure to restore the premises to their former condition. The damages resulting from that breach, included not only the cost of restoration, but any other loss incident to and resulting from that breach. It could and should have been included in the first suit brought by the lessor. There was no concealment of any portion of the loss. Whatever injury resulted from the defendant's failure to perform its obligations, was as well known when that suit was brought, as it is now. The law does not permit a party to bring one suit and recover damages for a part of the injury resulting from a single breach of a contract, and after obtaining judgment and satisfaction for that, to institute another suit for another part of the injury from the same cause. If it did, litigation would be interminable.

If plaintiff failed to specify or prove in the first suit all the items of his damage, from carelessness or neglect, he must abide the result. He cannot have another action for the omitted part. He has had one recovery for the same breach complained of here. *Smith* v. *Way*, 9 Allen, 472; *Stevens* v. *Tuite*, 104 Mass. 328; *Doran* v. *Cohen*, 147 Mass. 342; *Ware* v. *Percival*, 61 Maine, 391, 14 Am. Rep. 565; *Blodgett* v. *Dow*, 81 Maine, 197; *Foss* v. *Whitehouse*, 94 Maine, 491.

*Judgment for defendant.*