[No. 13165.   Department One.   September 15, 1916.]

MARK MUNSON, *Respondent*, v. PAULINE P. BALDWIN *et al.*, *Appellants.*[1]

EVIDENCE—SELF-SERVING DECLARATIONS—OFFER OF COMPROMISE. A party cannot offer in evidence a letter written by him which was a self-serving declaration on the subject in controversy and an offer of compromise, where it was not necessary to prove a demand and it was not in reply to the opposite party.

SAME. Such a letter would not be admissible for the purpose of corroborating the party.

APPEAL — REVIEW — WAIVER OF ERROR — ASKING DIRECTED VERDICT. Asking a directed verdict upon the law of the case upon a plea of *res adjudicata*, does not submit to the court the facts on the merits; and hence does not waive error in directing a verdict on the facts.

JUDGMENT—RES JUDICATA—BAR—COUNTERCLAIMS.   Judgment in an action upon a lease for the recovery of the rent of a building is not *res judicata* of a counterclaim for an indebtedness due defendant upon a subsequent agreement to pay defendant for the use of the furniture, and failure to plead such counterclaim in that action does not bar a subsequent action by defendant therefor; since the facts on the matter of the counterclaim do not negative the facts sustaining the former judgment.

Appeal from a judgment of the superior court for King county, Ronald, J., entered April 10, 1915, upon the verdict of a jury rendered in favor of the plaintiff by direction of the court, in an action on contract.   Reversed.

*Wm. Hickman Moore*, for appellants.

*Roney & Loveless*, for respondent.

MORRIS, C. J.—Respondent brought this action to recover upon thirteen separate causes of action for the rental value of certain furniture.   In the first cause of action it is alleged that, on or about the 20th day of November, 1909, respondent made an oral contract with the appellants to lease to them for an indefinite period all of the furniture and house-

[1]Reported in 159 Pac. 1070.

hold furnishings belonging to and used in connection with the Monterey Apartments, at Seattle, at a stipulated rental of $100 per month, no part of which had been paid. Each of the other twelve causes of action is similar in language, save that the rent is alleged to be due for each of the twelve succeeding months. Several defenses were interposed, among which was a plea of *res adjudicata* to each cause of action. A jury was impaneled, and at the conclusion of the hearing, the lower court directed a verdict for respondent, upon which judgment being entered, the appeal was taken.

The lower court, over the objection of appellants, admitted in evidence a letter written by respondent to appellant Ewing some twelve months after the use of the furniture under the alleged contract. This letter is too long for full publication. It states that it is a proposition for a full settlement of all matters. After so stating, the writer says, "I wish to set before you my side of the question so that you may be able to pass judgment with a more full knowledge than you now have." Following this is a statement of what respondent contends to be the facts, with argumentative matter in support of such contentions. It also sets forth certain conversations with one Lane, who is claimed by respondent to be the agent of appellants in the leasing of the furniture. The letter ends with this statement: "What I have said to you in this proposition I will not consider at all in any action that I may take upon refusal of yourself to accept this."

In our opinion, the admission of this letter was error. First, it was an offer of compromise, and second, it was a self-serving declaration. It is an established rule of evidence, subject to few exceptions, that a party cannot offer in evidence his own declaration relative to the subject in controversy. The exceptions most often made are where it is necessary to prove a demand, and such a demand is made by letter, or where the letter is in reply to one from the opposite party. This letter falls within neither of these, or within no exception called to our attention. The lower court was of

the opinion that the letter was admissible as showing that
Ewing's attention was called to the fact that respondent's
claim for the rental of the furniture was based upon an agree-
ment made with Lane as appellants' agent, that it was also
admissible for the purpose of corroborating respondent's
testimony that he had a previous conversation with Ewing
in regard to the matters of difference. Neither one of these
propositions would make the letter admissible. There was
no necessity for offering the letter upon the first point, as
Munson had already testified to two conversations with Ewing
in which he stated his claim that he had rented the furniture
through Lane for $100 per month. As to the second point,
a witness cannot corroborate himself by his own self-serving
declaration. The error in admitting this letter is accentu-
ated when the lower court makes it the basis for an instructed
verdict, holding that Ewing's failure to reply to it was a con-
firmation of the agreement claimed therein to have been made
with Lane, and having failed to deny such claim when noti-
fied, the appellants are now bound by its assertion.

The next error alleged is in directing an instructed ver-
dict. It is argued by respondent that appellants cannot
complain of the instructed verdict because they in turn
moved the court to take the case away from the jury. For
the sake of the argument, it may be admitted that, when
both parties request the court for a directed verdict upon the
facts, neither party can thereafter complain that the jury
was not permitted to pass upon the facts. Appellant, while
asking the court to grant judgment upon the law of the case
under their plea of *res adjudicata*, did not submit the facts
to the court, but only the question of law involved in such
plea.

Upon the question of *res adjudicata*, it is the contention of
appellants that respondent's claim for the rental value of
the furniture should have been set up as a defense in a former
suit in which appellants recovered judgment against re-
spondent for rentals due under the lease of the apartments

for the months of October and November, 1909. Whether or not such a counterclaim could have been set up is not now an issue. We are only concerned with the further question, Is the failure to so plead it barred by the judgment in the former case? The rule as generally stated is that a judgment is conclusive as to all matters of defense which might and should have been presented in the action. But this rule bars only those facts which negative or are inconsistent with the facts which sustain the former judgment. When the facts relied upon in the subsequent action are neither inconsistent with nor in direct opposition to the facts involved in the former suit, but are facts which may be equally true with the former facts, then there is no bar. 2 Black, Judgments, § 767. The former suit was upon a lease for the recovery of rentals growing out of respondent's use and occupancy of the building. This suit is for the rental value of furniture which respondent claims appellants obligated themselves to pay subsequent to November 20, 1909. We find no inconsistency with the judgment establishing respondent's liability under the lease and an indebtedness to respondent under a subsequent agreement to pay for the use of the furniture. The defense of *res adjudicata* is therefore overruled.

Coming again to the question of the directed verdict, there was a sharp conflict, both as to the rental value of the furniture and the agreement for its payment. This conflict should have been submitted to the jury.

The judgment is reversed, and the cause remanded for a new trial.

Fullerton, Mount, Ellis, and Chadwick, JJ., concur.