[No. 19666. Department One. April 7, 1926.]

R. W. WHITE, *Respondent*, v. C. W. MILEY *et al.*, *Appellants.*[1]

[1] JUDGMENT (213-3)—SPLITTING CAUSES OF ACTION. The plaintiff, in commencing an action in tort for the conversion of personal property, not depending on any contract, cannot be said to have split his causes of action, precluding his subsequent recovery on contracts made by the defendants.

[2] SAME (213-2, 219)—MATTERS CONCLUDED — DISTINCT CAUSES — COUNTER CLAIMS. Counter claims on contracts between the parties with reference to doing work with a certain donkey engine are distinct from a counterclaim for repairs to the engine, hired to the defendants after the contracts in suit were rescinded, and the latter does not arise out of the same transaction and is not barred by the previous litigation, in which the defendant pleaded only the other counterclaims; nor is the defendant bound to plead a counterclaim, since he may maintain an independent action therefor.

Cross appeals from a judgment of the superior court for Snohomish county, Alston, J., entered April 8, 1925, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Affirmed.

[1]Reported in 244 Pac. 986.

*W. P. Bell* and *Coleman & Fogarty,* for appellants.
*Horan & Mulvihill,* for respondent.

HOLCOMB, J.—An appeal and cross-appeal are involved herein, and the parties will be designated as plaintiff and defendants respectively.

The suit was brought to recover on three separate causes of action. The first cause of action was to recover for certain work under an alleged oral agreement in clearing and grubbing a right-of-way for a certain public highway in Clallam county. Plaintiff alleged as to that cause of action that on about July 7, 1922, he was clearing and grubbing such right-of-way under a written contract with defendants; that on about that date the parties by mutual agreement rescinded and abandoned the written contract, and made a new oral agreement respecting such clearing and grubbing, the oral agreement being as follows:

That plaintiff was to resume operations in the clearing and grubbing upon which he had been at work on the right-of-way, and use his best judgment in clearing and grubbing the land, and the defendants would pay all bills incurred and contracted for labor and material on the work, and in the prosecution of the same, and, in addition, pay plaintiff $500 for moving his equipment to the work, and a bonus of $1,000; and that, if the bills for labor and material incurred in the prosecution of such work were less than $350 per acre, then the defendants would pay plaintiff, in addition to the $500 before mentioned and the $1,000 bonus, the difference between the aggregate amount of bills for labor and materials incurred and the sum of $350 per acre for the land so cleared and grubbed; and if the bills for labor and material equalled or exceeded $350 per acre, then plaintiff was to receive the $500 for moving the

machinery, and the $1,000 for doing the work, and no more.

That on September 8, 1922, plaintiff commenced to clear and grub the right-of-way under the oral agreement, using a donkey engine and other equipment therefor, and continued such work with such equipment until about December 11, 1922; that the land through which the right-of-way was located was swampy, and it was impossible to burn the debris in the right-of-way, and that thereupon plaintiff and defendants agreed to discontinue the work until the spring of 1923. That after such agreement was made defendants took charge of the work, gave a contract to other parties, and informed plaintiff that he should do no more work on the right-of-way under the oral agreement. That plaintiff cleared and grubbed under the oral contract approximately thirteen acres of land of the reasonable value of $1,500, payment for which was by him demanded and refused by defendants.

The second cause of action alleged that plaintiff had made a contract with defendants for the use of a donkey engine in the construction of a bridge on the right-of-way, for which defendants agreed to pay the sum of $20 per day, and that the donkey engine was used for thirteen days, making a total due of $260, no part of which was paid, although demanded.

In the third cause of action it was alleged that the plaintiff entered into an oral agreement with defendants to move 900 cubic yards of dirt at forty-five cents per cubic yard; that acting under that agreement he moved 900 cubic yards of dirt. That the defendants paid $178.75 thereon, leaving the sum of $226.25 unpaid, which remained unpaid although demanded.

Plaintiff demanded recovery on each cause of action in the several amounts alleged.

The allegations of the first cause of action were denied by defendants. As to the second cause of action, the defendants admitted hiring the donkey engine, but alleged that the payment therefor was agreed to be the sum of $15 per day, and that the plaintiff has been overpaid. As to the third cause of action, defendants denied that plaintiff had removed 900 cubic yards of dirt, or any more than 200 cubic yards, and admitted the payment of $178.75 thereon, as alleged by plaintiff.

For a second affirmative defense, the defendants allege that an action had been brought in the superior court for Snohomish county between the same identical parties as plaintiff and defendants respectively, the same being designated as cause No. 21999 of that court, in which the defendants by way of counterclaim against plaintiff, among other things, alleged the making of the contract by the same parties for the clearing of the same land in Clallam county, the same being the contract sued upon in the first cause of action herein, wherein and whereby it was alleged that defendants had overpaid plaintiff in the sum of $7,360; that the affirmative defense in that action was put in issue, and tried to the court and determined. It is further alleged that the matters and things sued upon in this action alleged to be existing in favor of plaintiff, if existing, were existing at the time of the former suit in favor of plaintiff in that action, and could and should have been litigated in that action; and prayed for a dismissal of the present case and for judgment in favor of the defendants in this action in the sum of $406.37.

Plaintiff replied denying the claim of $406.37, on information and belief, and alleged that the second affirmative defense of the defendants in this action was *res judicata*. The reply further admits that the matters and things sued upon in this action were existing

at the time of the former action, but denies that the same could or should have been litigated in that cause, and further pleaded that the first affirmative defense and cross-complaint of the plaintiff in this action was *res judicata* by reason of the former action. Cause No. 21999 was tried to a jury and a verdict of $1,500 returned in favor of plaintiff therein, upon which judgment was entered by the court and subsequently paid and satisfied by these defendants. The claim for repairs on the donkey engine set up in the counter-claim in this action was not set up or pleaded in the former action.

In the former case, this plaintiff, as plaintiff therein, sued to recover $2,469.90, the alleged value of the donkey engine and equipment alleged to have been converted by these defendants, who were also defendants in that case. In that action, these defendants alleged that they and the plaintiff therein had a written contract for clearing and grubbing a right-of-way in Clallam county, and that, by virtue thereof, White was using a donkey engine and equipment in the work, and that defendants had from time to time expended money in the payment of wages and for material in the carrying out of the contract, in the sum of $7,363 over and above the contract price of the work; and also set out the written agreement under which the work was done, and that they had not converted the donkey engine, but simply used the same in the completion of the contract between the parties, alleging that the contract had been abandoned by plaintiff. Plaintiff replied in that action, denying the allegations of the answer, and further alleged that the written contract mentioned in the answer had been rescinded, and an oral contract entered into between them; that the work done by him was under the oral contract, and that the defendants therein had no authority to use the donkey engine.

Upon the issues as submitted in cause No. 21999, the jury manifestly found that the written contract set up by defendants therein had been rescinded and an oral contract entered into between the parties, under and by virtue of which plaintiff therein was entitled to recover the value of the personal property involved, which they found to be $1,500.

In this action, the jury awarded a verdict against the defendants on all of the causes of action in the sum of $943.75, and by special verdict submitted to them by the court, stated that they had allowed the defendants an offset against the amount of plaintiff's claim on account of the first cause of action in the sum of $300.

At the trial the evidence for plaintiff reduced the first cause to not to exceed $900; the second to not to exceed $140; the third something exceeding the $178.75 paid by defendants and admitted by plaintiff could be awarded under the evidence; as to all of which the court properly instructed the jury.

The defendants moved for judgment n. o. v., on all three causes of action, and also for a new trial. Plaintiff moved for judgment n. o. v., disregarding the offset made by the jury in favor of the defendants. All these motions were denied, and judgment entered on the verdict.

Defendants requested the court in writing to instruct the jury to find for them on the first cause of action, which the court refused to do.

The errors claimed by the defendants all relate to the above refusal, and in denying the motions for judgment n. o. v. and for a new trial. Plaintiff's cross-appeal and assignment of error is based on the reception of evidence of defendants' counter-claim; in submitting the counter-claim to the jury, and in allowing the counter-claim in the judgment and not rendering a judgment in the full amount of $1,243.75.

The defendants, on their appeal, contend that plaintiff, by his two suits in the superior court for Snohomish county, split his cause of action and that his present cause of action should be held to be *res judicata* by the final determination in the former suit.

[1] The chief question on the principal appeal is whether there was an entire cause of action, and whether plaintiff split such entire cause of action in instituting the former action and this.

Defendants earnestly contend, in effect, that as to the first cause of action (there not being much contest as to the second and third causes of action, since they were clearly upon separate and independent agreements as alleged and proven by plaintiff), that all items recoverable by plaintiff, if at all, were in existence at the time the former suit was begun, and should have been litigated in that action. Numerous decisions and texts are cited and quoted by defendants to the effect that it was incumbent upon plaintiff to litigate everything existing in his favor growing out of the oral agreement referred to in the pleadings, and in our statement. Among others is the case of *Bucki & Son Lumber Co. v. Atlantic Lumber Co.*, 109 Fed. 411, a case affirmed in the supreme court of the United States by denial of certiorari, 186 U. S. 482, 46 L. Ed. 1266. That case has been cited with approval in *Cuneo Importing Co. v. American Importing & Transportation Co.*, 241 Fed. 421; *Land v. Ferro-Concrete Construction Co.*, 221 Fed. 433; *Watts v. Weston*, 238 Fed. 149; *Baird v. United States*, 96 U. S. 430, 24 L. Ed. 703. Other cases cited are: *Hill v. Joy*, 149 Pa. St. 243, 24 Atl. 293; *Whitaker v. Hawley*, 30 Kan. 317, 1 Pac. 508; *Texas & Pac. R. Co. v. Scoggin & Brown*, 42 Tex. Civ. App. 335, 95 S. W. 651; *Mallory v. Dawson Cotton Oil Co.*, 32 Tex. Civ. App. 294, 74 S. W. 953; *Bowe v. Minne-*

*sota Milk Co.,* 44 Minn. 460, 47 N. W. 151; *Hancock v. White Hall Tobacco Warehouse Co.,* 132 Va. 239, 46 S. E. 288; *Monks v. McGrady,* 71 Tex. 134, 8 S. W. 617; *Willoughby v. Atkinson Furnishing Co.,* 96 Me. 372, 52 Atl. 756; *Brice v. Starr,* 90 Wash. 369, 156 Pac. 12 (the above case was overruled by this court in 93 Wash. 501, 161 Pac. 347); *Kinsey v. Duteau,* 126 Wash. 330, 218 Pac. 230; *Hare v. Winfree,* 131 Wash. 138, 229 Pac. 16; *Collins v. Gleason,* 47 Wash. 62, 91 Pac. 566, 125 Am. St. 891; *Carmean v. North American Transportation & Trading Co.,* 45 Wash. 446, 88 Pac. 834, 122 Am. St. 930, 13 Ann. Cas. 110, 8 L. R. A. (N. S.) 595; *Achey v. Creech,* 21 Wash. 319, 58 Pac. 208, and 1 Freeman on Judgments (4th ed.), §§ 239, 240 and 272.

There is no precise rule for determining what makes an entire cause of action. It depends upon the facts of the particular case, and is often a difficult question. (*Baird v. United States, supra.*)  It is probably the universal rule that a single and entire cause of action cannot be split into several suits. *McKnight v. Minneapolis Street R. Co.,* 127 Minn. 207, 149 N. W. 131, L. R. A. 1916D 1164.

It is also a general rule that parties to an action must present all the facts and raise all the issues which may be relied upon for a recovery or as a defense; hence the judgment in a case will operate as an estoppel not only as to questions of fact and law which were raised and decided in the action in which the judgment was rendered, but also as to all grounds of recovery or defense which might have been, but were not, presented and passed upon.

The above general rules and principles, while often difficult of application in a concrete case, apply of course only to such contracts as are entire and indivisible, or as to such rights of action as have ripened under one

certain transaction, such as our statute recognizes as a cause of action or defense at the time such cause of action or defense was instituted.

It seems obvious to us that the former cause of action relied upon by each party hereto to defeat the other was clearly an action for conversion of a certain donkey engine, and its equipment and appliances. While it is true that if, as defendants in this case contended then, the writing they set up was in force, they had not converted the donkey engine and appliances, but were using same under and by virtue of the terms of that contract. Plaintiff pleaded in reply to their affirmative defense that the written contract had been abrogated and superseded by an oral agreement which was set up, and which the jury found was true. While the oral agreement was primarily necessary to be established for plaintiff to recover on his cause of action in that case, just as the written contract was necessary for the defendants to sustain their defense and counterclaim in that case, the action was not one upon the oral contract. It was purely and simply an action for damages for the conversion of personal property.

The present action is one to recover upon money demands. They could not have grown out of the same transaction as the former action—the conversion of the personal property involved therein. That action was one for damages for a tort; this action is one for money arising upon *quantum meruit* as to the first cause of action, and upon express oral contracts as to the second and third causes of action, and has no relation whatever to the former action for the conversion of personal property. The former action was not an action for breach of the oral contract.

In the first case cited by defendants, it was clearly stated in the opinion that the contract involved was an

indivisible contract, and each party was required to
recover in that action all damages flowing therefrom.
To the same effect are our own cases quoted by defend-
ants where they were for damages sustained by a
single tort, all damages flowing from which must have
been collected in one action; in the *Winfree* case, *supra,*
in this court, where rents accrued up to the time of the
commencement of the action, all must have been in-
cluded in the action. The same is true in actions upon
mutual and current accounts as some of the cases quoted
by defendants show. The rule to be applied is stated
in 1 C. J. 1111, as follows:

"A single breach of an entire contract gives but one
cause of action, and all the damages claimed by reason
thereof must be recovered in a single action. Con-
versely, where demands arising out of contract are dis-
tinct and separate they give rise to separate causes of
action for which separate actions may be maintained
notwithstanding they are of such a character that they
might be joined in one action, and consequently a sev-
erable contract may be severed and different actions
brought thereon."

See, also, 34 C. J. 829.

Our cases involving somewhat similar propositions
adverse to the contention of the defendants in this case
are: *Allen v. Wall,* 7 Wash. 316, 35 Pac. 65; *Buddress
v. Schafer,* 12 Wash. 310, 41 Pac. 43; *Munson v. Bald-
win,* 93 Wash. 36, 159 Pac. 1070; *Diamond Ice & Stor-
age Co. v. Klock Produce Co.,* 103 Wash. 369, 174 Pac.
435, 8 A. L. R. 685; *Konick v. Champneys,* 108 Wash.
35, 183 Pac. 75, 6 A. L. R. 459, and *Helsley v. Ameri-
can Mineral Production Co.,* 118 Wash. 571, 204 Pac.
190. The last cited case is fairly decisive of the con-
tention of defendants in this case.

We conclude that plaintiff is not estopped by the
suit and judgment in the former case to recover in this
action.

[2] Upon the cross-appeal of plaintiff, the question to be determined is whether defendants are estopped to present their counterclaim in this action.

The observations of His Honor, the trial judge, in passing upon this phase of the case, are important as giving a clear understanding of the situation in the two cases. He said:

"Is cause No. 21999 a bar to defendants' right to recover on their claim?

"In the first action, as above stated, the defendants sought a recovery for all claims which they had against the plaintiff growing out of the said written contract. They did not, in their counter-claim to that action, ask for any recovery on account of repairs to the donkey engine. They sought, however, to recover for all labor and material used by them and all money paid to men furnishing labor and material in the prosecution of the work.

"The question to be determined with reference to this counter-claim is whether or not it grew out of the same transaction as that forming the basis of defendants' counter-claim in cause No. 21999. If it did, it is barred by that action; if it did not, it is not barred thereby.

"At this point a slight analysis of the controversies involved in this litigation might aid us in the solution of this question.

"It was the contention at all times of the defendants that all transactions between the parties hereto were carried on under the written contract. It has been the contention at all times of the plaintiff that that contract was abrogated in the early part of July, 1922, and an oral contract entered into concerning the same subject matter. The jury in the first action decided that issue in favor of the plaintiff; hence the issue as to whether or not the written contract had been abrogated was settled in that action. Then we have this situation: The plaintiff and defendants were proceeding under an oral contract. During that time, under the evidence, the defendants hired the donkey engine to

do certain work. . . . While the work was being done certain repairs were made to the donkey. It is not claimed, nor did the evidence show, that any damage was done to the engine by the defendants while it was being so used.. These repairs to the engine were made in August, 1922, after the written contract had been rescinded.· . . .

"In my opinion, it is a counter-claim which is in no wise connected with the alleged written contract, inasmuch as the renting of the engine by the defendants occurred after the written contract had been rescinded. That being true, it is my opinion that it was a proper counter-claim."

We agree with His Honor. It is plain from the record before us that the repairs involved in the counter-claim were wholly unconnected with the matter sued on in the former action by plaintiff.

"It seems settled by the great weight of authority, in the absence of statute, that a defendant, having a cause of action, against a plaintiff, wholly independent of the claim and relief sought by the plaintiff in the particular action, is not bound to set up such independent cause of action as a defense in the action, even though his cause of action is such that he may be permitted to do so, but may bring an independent action to enforce his claim without being subjected to the plea of another action pending or of *res judicata* as a defense thereto." *Deaver v. Trahey,* 98 Wash. 63, 167 Pac. 68.

And so also may he set the same matters up as a defense that he might have brought an independent action to recover.

We conclude that the judgment should be affirmed upon both appeals.

Tolman, C. J., Mitchell, Main, and Fullerton, JJ., concur.