W. C. BELCHER LAND-MORTGAGE COMPANY v. ARCH NORRIS ET AL.

Decided December 19, 1903.

**1.—Res Adjudicata—Issues Not Actually Determined.**
The plea of res judicata applies not only to points upon which the court was actually required to form an opinion and pronounce judgment, but to every point which properly belonged to the subject of the allegation, and which the parties, exercising reasonable diligence, might have brought forward at the time.

**2.—Same—Usury—Enforcement of Lien.**
N. brought suit against T. to recover land and made the mortgage company a party, seeking to cancel a lien it claimed against the land, and the judgment thereon established the validity of the lien. Afterwards the mortgage company brought this suit to foreclose the same lien, and N. pleaded usury in the debt secured by the lien. Held, that the issue of usury was res judicata, as it should have been asserted in the former suit attacking the validity of the lien.

**3.—Loan Company—Expense of Removing Incumbrance.**
Where a mortgage provided for the repayment to a loan company of all moneys paid by it "on account of, or to extinguish or remove, any prior or outstanding title, lien, claim or incumbrance on the premises hereby conveyed," this did not entitle it to repayment for the expenses of defending a suit brought by a third party whose claim or title was expressly determined to be subordinate to the mortgage.

Appeal from the District Court of Tarrant. Tried below before Hon. M. E. Smith.

*W. J. Berne,* for appellant.

*G. H. Goodson,* for appellees.

SPEER, ASSOCIATE JUSTICE.—The appellant sued one Taylor on certain notes for borrowed money, and sought to foreclose a lien upon land belonging to appellee, to which end appellee was made a party. Taylor made no defense, and judgment was properly rendered against him. Appellee answered by interposing, among other things, the defense that the transaction between appellant and Taylor was usurious, and asked for appropriate relief. Appellant pleaded a former judgment establishing the validity of its mortgage lien as against appellee. The court found in favor of appellee upon his plea of usury, to which the first error is assigned.

The question presented is not at all free from difficulty, but we have finally decided that the court erred in not finding that the former judgment pleaded concluded appellee upon the question of usury. In the former suit appellee sued Taylor to recover the land, and made appellant a party, seeking as against it the cancellation of the lien sought to be foreclosed in this suit. The only ground upon which the validity of the lien was attacked was, that in making the loan to Taylor and accepting the mortgage, the company had notice that the land in question belonged to appellee. The prayer was for "judgment canceling and holding for naught said mortgage lien to said corporation and canceling

the same as an incumbrance to his title and use to the said premises." The company answered that suit by pleading in extenso its loan to Taylor and its mortgage upon the land, and alleged that in and by said mortgage "a lien was created and established upon said real estate to secure payment of said indebtedness; and said lien has never been released, but is still of full force and effect."

The trial was upon the merits and a judgment rendered canceling the lien, but on appeal to this court that judgment was reversed and judgment here entered that "the mortgage lien held by the W. C. Belcher Land Mortgage Company, and executed by S. J. K. Taylor in favor of said company * * * be and the same is hereby declared a valid lien against said land." A writ of error to this judgment was refused by the Supreme Court. Belcher Land Mortgage Bank v. Norris, 68 S. W. Rep., 548. At the threshold of the discussion we should determine whether or not the claim or demand in this suit is the same as that in the original suit. There we take it the cause of action asserted by appellee was the invalidity of the company's lien upon the land. The grounds of invalidity alleged was that the company had notice of his rights prior to its loan. Here, in pleading usury, it is clear the ·claim or demand is the invalidity of the same lien, because it secures a loan of money which embraces usury. The attack in both cases is upon the validity of the lien, though upon different grounds, and to a different extent—a total invalidity in the first instance, and a partial in the second. We think an attack upon the instrument as a whole included an attack upon all its parts. If the claim or demand then be the same in both cases, the former judgment constitutes an absolute bar to the subsequent defense. It is a finality, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. It concludes not only those grounds of recovery or defense actually presented in the action, but also every ground which might have been presented and which would tend to support or defeat the claim or demand. "The plea of res judicata applies not only to points upon which the court was actually required to form an opinion and pronounce judgment, but to every point which properly belonged to the subject of the allegation, and which the parties, exercising reasonable diligence, might have brought forward at the time."

In this case it is not doubted but that appellee could, in the prior attack upon the validity of the appellant's lien, have pleaded the usury now attempted to be set up. It would have been germane to his claim, or demand, namely, the invalidity of the lien, and would have been a ground of relief to him in that suit upon that demand. This being true, we think he was compelled to then present this ground of attack or be forever barred. A plaintiff can not plead his demand by piecemeal, in different suits. If appellant's lien was invalid for any reason, as for instance, forgery, payment, usury, notice or the like, these were but the reasons for its invalidity entitling appellee to the relief de-

manded, and should have been assigned by him in his attack. Otherwise there would be no end to litigation. It is no answer to say that the only effect of the prior judgment was to establish the validity of the lien, and not the amount of the debt which it secured. A lien is but an incident of the debt which it secures, and his no existence aside from the debt. To establish a valid lien, a valid subsisting debt for an amount must first be established. Appellant's lien could only have been held a valid lien by first holding that it had a valid debt. It would be idle to say that the former judgment established as against appellee that appellant had a valid lien upon his property except in so far as he might show that it was invalid. It was the solemn determination of the court after trial upon the merits that the lien was valid. This could be no other lien than the one pleaded by appellant and attacked by appellee in both cases, and could be no other debt than the one alleged by both to constitute the basis of such lien. Besides, it may be remarked that in the pleadings of both parties the amount of the debt was pleaded, the allegations of the company being especially explicit as to the amount of the indebtedness. It can not be doubted that the court then had the power, had the pleadings and proof justified, to decree the appellant's lien valid to the amount of the principal sum loaned only.

That the present attack would fall short of the full relief demanded in the original suit, namely, the annulment of the entire lien, argues nothing. The nature of the relief in both instances is identical; it differs only in extent. It would be as though A. sued B. to recover title and possession of land, to which B. answered setting up title in fee simple through deed from C., but omitting to plead a leasehold from A.'s grantor. The judgment in A.'s favor in such case would bar B.'s right to again open the question of title. No case has been called to our attention, nor have we found one, in which the precise question here discussed has arisen, but we construe the following authorities as tending to support our conclusion. Hatch v. Garza, 22 Texas, 187; Monks v. McGrady, 71 Texas, 134; Cromwell v. Sac County, 94 U. S., 351, 24 L. Ed., 197; Werlein v. New Orleans, 177 U. S., 390, 44 L. Ed., 820; Gould v. Railway Co., 91 U. S., 533; Franklin County v. German Savings Bank, 142 U. S., 99; Gilbert v. Boak Fish Co. (Minn.), 58 Law. Rep. Ann., 735; Hilgerson v. Hicks (Ill.), 66 N. E. Rep., 360; Mengert v. Brinkerhoff (Ohio), 66 N. E. Rep., 530; Hargrave v. Mouton (La.), 33 So. Rep., 590; Howcott v. Pettit (La.), 31 So. Rep., 61; Bode v. New England Ins. Co. (Dak.), 42 N. W. Rep., 658; Springer v. Darlington (Ill.), 64 N. E. Rep., 709; Paul v. Thornkike (Me.), 53 Atl. Rep., 877; Bingham v. Kearney (Cal.), 68 Pac. Rep., 597; Dixon v. Caster (Kan.), 70 Pac. Rep., 871; Howard v. Huron (S. D.), 26 Law. Rep. Ann., 496; Black on Judgments, 731; Board v. County, 71 Pac. Rep., 1106; Rucker .v. Langford, 71 Pac. Rep., 1123.

The other assignments are without merit. There was evidence to warrant the court's finding that the principal sum loaned was $700.

The evidence tendered by appellant which tended to vary and contra-

dict the written mortgage was properly refused. Norris occupies a relation of privity to Taylor. Since he is a privy to the contract and can not offer such testimony, neither can the appellant do so.

The mortgage provided for the repayment to the company of "all and every such sum or sums of money as may have been paid by said third party (the company) * * * on account of or to extinguish or remove any prior or outstanding title, lien, claim or incumbrance on the premises hereby conveyed." Appellant necessarily expended $422 in the defense of the suit instituted by appellee. But the money thus paid out was not "on account of or to extinguish or remove any prior or outstanding title, lien, claim or incumbrance." The claim or title was expressly determined to be subordinate to the mortgage.

It follows that in so far as the judgment of the District Court permitted appellee to recover on account of usury the same should be reversed, and the trial having been before the court and the facts being undisputed, judgment is here rendered in favor of appellant for a foreclosure of its lien as to principal, interest and attorney's fees, but in all other respects the judgment is affirmed.

### ON MOTION FOR REHEARING.

It is insisted in the motion for rehearing herein, that we were in error in finding that the appellant in the trial court pleaded as a defense the former judgment in the District Court of Comanche County as a plea of res adjudicata of the question of usury in this case. This insistence was made upon the original presentation of the case, and was considered by us in consultation. We were of the opinion then, and are still, that the matter was sufficiently pleaded as such defense. The facts were pleaded showing a former judgment upon the merits between the same parties, upon what we have held to be the same claim or demand growing out of the same cause of action, and in the absence of a demurrer we think such pleading, though in general terms, is sufficient. It can make no difference that these facts were pleaded in the original pleadings of appellant rather than in replication to appellee's plea setting up usury; it was not necessary to repeat the allegations.

Upon the merits of the main question, in addition to the authorities cited by us in the original opinion we also cite Burnett v. Bruff (Ky.), 52 S. W. Rep., 965.

The motion is overruled.

*Overruled.*

Writ of error granted; reversed and remanded.