ZIMMER v. FIRST NAT. BANK OF PECOS. (No. 382.)

(Court of Civil Appeals of Texas. El Paso. Feb. 11, 1915.)

1. JUDGMENT ⚖️713 — CONCLUSIVENESS — QUESTIONS CONCLUDED.

A judgment on the merits is conclusive between the parties and those in privity with them as to every matter litigated and any other matter which might have been litigated.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1063, 1066, 1099, 1234–1237, 1239, 1241, 1247; Dec. Dig. ⚖️713.]

2. JUDGMENT ⚖️715—RES JUDICATA—BAR TO SUBSEQUENT SUIT.

The principle of res judicata operates as a bar to a second suit only when the point in controversy is the same in both suits.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1244–1246; Dec. Dig. ⚖️715.]

3. JUDGMENT ⚖️715—RES JUDICATA—BAR TO SUBSEQUENT SUIT.

A judgment that funds in possession of a garnishee are exempt, because proceeds of a sale of the debtor's homestead less than six months before the service of the writ, and discharging the garnishee, is conclusive on plaintiff, and bars a subsequent garnishment on the theory that before the judgment more than six months had expired since the sale, for the question could have been litigated in the original proceeding.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1244–1246; Dec. Dig. ⚖️715.]

Appeal from Reeves County Court; H. N. McKellar, Judge.

Action by H. C. Zimmer against the First National Bank of Pecos, garnishee of P. L. Whitaker, a judgment debtor. From a judgment for the garnishee, plaintiff appeals. Affirmed.

Hefner & Cooke, of Pecos, for appellant. J. A. Drane, of Pecos, and A. J. Wilson, of El Paso, for appellee.

WALTHALL, J. On April 21, 1913, appellant, H. C. Zimmer, plaintiff below, had filed a suit against appellee, P. L. Whitaker, defendant in the justice of the peace court, Reeves county, and had at that time procured

to be issued and served a writ of garnishment on the First National Bank of Pecos, Tex. The trial of the main suit, jury being waived, resulted in a judgment in favor of plaintiff against defendant for $123.85 and costs. In the garnishment branch of the suit, the bank answered that at the time of the service of the writ of garnishment, on the 26th day of March, 1913, there was and still is in the hands of the garnishee the sum of $243.40 to the credit of defendant, Whitaker; that said amount was placed to his credit on the 26th day of March, 1913, and was a part of the purchase money of certain property described in the garnishee's answer, and was the proceeds of a voluntary sale of the homestead of defendant, Whitaker, made less than six months before the service of the writ of garnishment, and in fact made on the date above mentioned, and the garnishee prayed that the court hear evidence as to the facts stated in its answer, so that it might not thereafter become liable by reason of the premises. The record does not show that any answer was filed, other than a general demurrer and general denial, by the plaintiff, controverting the facts stated in the garnishee's answer. The justice of the peace, in the garnishment part of the suit, a jury being waived, entered judgment discharging the garnishee, stating in the judgment that it appeared, from the answer of the garnishee and other evidence offered, that the funds in the hands of the garnishee at the time of the service of the writ, and now in its hands, are the proceeds of the voluntary sale of the homestead of defendant and wife, and were not subject to garnishment, and that the sale of the homestead was less than six months before the time of the service of the writ. The judgment directed that the garnishee be authorized to pay the funds over to defendant, and gave judgment for costs. The plaintiff gave notice of and perfected his appeal to the county court from the judgment in garnishment. In the county court the garnishment appeal was ready for trial on the 17th day of October, 1913. On that day, the record shows, the cause being called for trial, the parties announced "ready," and no jury being demanded, all questions both of law and fact were submitted to the court, and the court, having heard the pleading, the evidence, and argument, found that the funds in the hands of the garnishee are exempt property, being the proceeds of the voluntary sale of the homestead, made less than six months prior to the service of the writ of garnishment, and that the garnishee, having made full answer, was discharged, and authorized to at once pay the funds in his hands to the defendant. The record shows no answer filed by the plaintiff, controverting the answer of the garnishee.

The record shows that on the 14th day of

October, before the judgment in garnishment was entered on the 17th of October in the county court, plaintiff made another affidavit in the justice of the peace court, where the original suit was pending, stating the fact of the said judgment against defendant, that it was unsatisfied, and on the same day, 14th of October, procured another writ of garnishment against the same garnishee bank on the same fund. The second garnishment proceeding took the same course through the justice and county courts, with the exceptions hereinafter mentioned. It is the second judgment in garnishment in the county court from which this appeal is prosecuted. To the second writ in garnishment, in the justice of the peace court, the garnishee bank answered that defendant Whitaker had on deposit when the writ was served $243.40, omitting to state that it was the proceeds from the sale of the homestead. Defendant Whitaker intervened and answered, stating that the parties and the subject-matter in this proceeding were the same as that heard upon its merits in the county court on the former appeal, and in which a final judgment was rendered; that the judgment was valid and subsisting, and had never been set aside or appealed from; that the funds in the possession of the garnishee were the identical funds in his hands on which the judgment in the county court was rendered; and pleaded that said judgment was a final adjudication of the subject-matter, and pleaded estoppel by said judgment and res adjudicata. He further pleaded damages by cross-action, but same was dismissed, and we need not further refer to it. The record does not show any answer filed by the plaintiff, either to the pleas of defendant Whitaker or to the answer of the garnishee. The justice of the peace entered up judgment, sustaining each of said pleas, and dismissed the garnishment proceedings, discharged the garnishee, and rendered judgment for costs against plaintiff. The plaintiff gave notice and perfected an appeal to the county court. At the January term of the county court, no other pleadings having been filed, all parties announced "Ready for trial," a jury was waived, the county court entered up judgment, reciting:

"All matters of fact as well as of law being to the court submitted, and the court, having heard the pleadings read, the evidence offered, and the argument of counsel, is of the opinion that the pleas of res adjudicata and estoppel of the intervener, P. L. Whitaker, is well taken. It is therefore ordered, adjudged, and decreed that the plaintiff, H. C. Zimmer, take nothing by reason of his writ of garnishment against the First National Bank of Pecos"

—and ordered that the garnishee be discharged and awarded costs. Appellant filed a motion for a new trial, and, same being overruled, he gave notice of appeal to this court.

Appellant presents two assignments of error: First, error in rendering judgment in favor of the garnishee, because his answer showed that it was indebted to Whitaker, and there was no evidence showing that the fund was exempt from the garnishment; second, error in sustaining the pleas of res adjudicata and estoppel of the intervener, because the evidence showed that the matters involved in the suit had never been adjudicated. The statement of facts filed in this case shows an agreement by the parties that appellant has a valid judgment against P. L. Whitaker, rendered in the justice of the peace court for the sum of $123.85, interest and costs. The statement shows a further agreement as to the identity of the plaintiff, the garnishee, and the defendant with the same parties mentioned in the several judgments and proceedings in the justice and county courts, and that the money shown to be in the possession of the garnishee by his answer in each of the causes was the identical and only money that Whitaker had in the garnishee bank. The evidence offered in the county court, from which this appeal is prosecuted, consisted of the writs of garnishment, answers of the garnishee, and the judgment of the justice and county courts. The pleadings, so far as the record shows, consisted of the plaintiff's affidavit in garnishment and pleas of the intervener.

[1] The rule in this state is that the effect of a final judgment on the merits is conclusive of all questions decided between the same parties, and those in privity with them, as to every matter which was offered and received to sustain or defeat the claim or demand. It is a finality, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. Hanrick v. Gurley, 93 Tex. 458, 54 S. W. 347, 55 S. W. 119, 56 S. W. 330; Nichols v. Dibrell, 61 Tex. 541; W. C. Belcher Land Mortgage Co. v. Norris, 34 Tex. Civ. App. 111, 78 S. W. 390; Foster v. Wells, 4 Tex. 101; Brown v. Hearon, 66 Tex. 63, 17 S. W. 395.

[2] The principle of res adjudicata operates as a bar to a second suit only when the point in controversy is the same in both suits. Freeman v. McAninch, 87 Tex. 132, 27 S. W. 97, 47 Am. St. Rep. 79. The final judgment affects both plaintiff and intervener alike. Hudson v. Morriss, 55 Tex. 595. Was the point in controversy in the two suits the same?

[3] The plaintiff did not dispute the facts in either suit, recited in the garnishee's answers and made a part of the findings of fact and judgment of both courts under the first writ, that the money in the possession of the garnishee bank was the proceeds from the voluntary sale of defendant's homestead made within six months prior to the first writ of garnishment, and that at the time of the service of the first writ of garnishment, and the judgment of the county court on the 17th day of March, 1913, the money was exempt and not subject to his writ. The judgment,

under the authorities recited, evidently precluded the plaintiff from denying the exemption of the money on the date of the judgment. The judgment of the county court, discharging the garnishee and directing that the garnishee could deliver the money in its possession to the defendant, could not be made effectual or executed, if the plaintiff could, prior to the rendition of the judgment, by another affidavit, procure another writ of garnishment on the same debt, against the same defendant and the same garnishee, as to the same money. The judgment of the county court on the 17th day of October determined all claims or liens that plaintiff could possibly have secured by writs of garnishment against that homestead money in the possession of that garnishee. Any other rule would fill the courts with causes which have once been determined, and render all rights of property uncertain and the most solemn judgments a mockery. Crane v. Blum, 56 Tex. 325. If the money in the possession of the bank was subject to plaintiff's debt on the 14th day of October, 1913, by reason of the expiration of the six months period of limitation, as claimed by appellant, that fact could have been pleaded and made an issue in the case then pending in the county court. Not having been made an issue, under the law, it became res adjudicata, and plaintiff was thereafter estopped from making an issue of that fact in the second suit. Any other rule would effectually defeat the very purpose of the law in exempting the proceeds of voluntary sale of the homestead from the writ of garnishment for six months, if by successive writs of garnishment the money could be detained until the expiration of the time of its exemption, and then seize upon it and apply it to the payment of the debt.

There was no error in the judgment of the court in sustaining the pleas. The assignments are overruled, and the judgment is affirmed.

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes