730

### GRAY et al. v. AMERADA PETROLEUM CORPORATION et al.

#### No. 11017.

Circuit Court of Appeals, Fifth Circuit.

Dec. 1, 1944.

Rehearing Denied Feb. 6, 1945.

Charles Macfarlane, Sr., of San Antonio, Tex., for appellants.

Harry D. Page, of Tulsa, Okl., and P. H. Swearingen and Carl Wright Johnson, both of San Antonio, Tex., for appellees.

Before HUTCHESON, WALLER, and LEE, Circuit Judges.

PER CURIAM.

Appellants, plaintiffs below, sued for the title and possession of 692 acres of land in Frio County, Texas. Among the defenses put up by the defendants, the oil companies, and Michael, the third party defendant, under whom they held, were the defenses of estoppel by judgment and res judicata arising out of the fact that Michael had, in the District Court of Bexar County, Texas, recovered against plaintiffs a final judg-

ment for title and possession of the lands described in plaintiffs' petition. Based on this defense, a motion for summary judgment, supported by Michael's affidavit and the pleadings and judgment in that cause, was filed, and, plaintiffs filing neither a controverting affidavit nor offer of opposing proof, there was a summary judgment for defendants.

Here, admitting that Michael had taken judgment against them for the land they now sue for, appellants urge upon us that the judgment was not res judicata except as to the grounds on which the judgment was rested and that in this suit they are putting forward a different ground of recovery, to-wit, title by adverse possession, from the one asserted in the state court suit.

Appellees, on their part, invoke the rule that the judgment for title and possession they got concluded the plaintiffs from thereafter asserting title by virtue of any fact that existed at the time the judgment was rendered, whether the theory was, or was not, advanced in the former action.[1]

We need not, on this record, inquire into the abstract correctness of these opposing positions, for the record contains a positive affidavit that by the judgment in the state court, "all issues of fact between plaintiffs and defendants were finally adjudicated and determined * * * and there are no genuine material issues of fact raised by plaintiffs in the federal suit which have not been finally and fully adjudicated between the same parties in the state suit", and there is no controversion. The point appellants seek to make here, that plaintiffs' case in the state court was pitched upon an entirely different theory of recovery from that which plaintiffs seek to maintain here, and that their present theory was not even put in issue there, is not supported by anything in the record. As the record comes to us, we must treat the case as though every matter now sought to be urged was in fact and in law within the compass of the former suit and concluded by the judgment in it. It is true that, in their statement of points, counsel for appellants do undertake to excuse themselves for not filing a controverting affidavit and do claim that there was a real and substantial controversy of fact between the parties, but

---

[1] Zimmer v. First Nat. Bank, Tex.Civ. App., 173 S.W. 1016; Toole v. Christ Church, Tex.Civ.App., 141 S.W.2d 720; Trigg v. Whittenberg, Tex.Civ.App., 129 S.W.2d 472; Federal Crude Oil Co. v. Yount Lee Oil Co., 5 Cir., 103 F.2d 171; 26 Tex.Jur. Sec. 409.

this is a mere ex parte statement filed months after the entry of the judgment, and it constitutes no part of the record. Determining the appeal, as we must, upon the record before us, we find no basis whatever for disturbing the judgment, and it is affirmed.