**STUB v. UNITED STATES.**
No. 478–53.

United States Court of Claims.
March 2, 1954.

John Stub, pro se.

Francis H. Fassett, New York City, Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, and MADDEN, Judges.

PER CURIAM.

On March 2, 1945, the plaintiff, John Stub, filed a suit in this court for alleged unauthorized use of his patent. At the time this suit was filed the patent jurisdictional act of 1910, 36 Stat. 851, as amended, 40 Stat. 705, was in effect, and provided in part—

"That the benefits of this Act shall not inure to any patentee who, when he makes such claim, is in the employment or service of the Government of the United States, or the assignee of any such patentee; *nor shall this Act apply to any device discovered or invented by such employee during the time of his employment or service.*" [Italics supplied.]

On October 10, 1945, the commissioner to whom this case had been referred was directed by a court order to take testimony to ascertain whether the structure claimed in the patent in suit was made before or during plaintiff's service with the Government, and report to the court.

A hearing was held in Boston on October 25, 1945, at which the plaintiff declined to put in evidence any of the drawings and descriptions then in his possession and alleged by him to be a complete description of his invention prior to the commencement of his government employment. The commissioner reported to the court that "The earliest date that can be accorded plaintiff for completion of the invention of the patent in suit is the filing date of his application, November 26, 1942. That date falls within the period of plaintiff's employment by the Government."

On January 7, 1946, that suit was dismissed by the court on defendant's plea in bar on the basis of the facts previously found by the commissioner, 63 F.Supp. 748, 105 Ct.Cl. 397. Plaintiff's motion for a new trial was overruled May 6, 1946. Petition to the Supreme Court for a writ of certiorari was denied October 14, 1946, 329 U.S. 751, 67 S.Ct. 81, 91 L. Ed. 647, and rehearing was denied October 28, 1946, 329 U.S. 825, 67 S.Ct. 120, 91 L.Ed. 701. This brings us to the present situation.

The patent jurisdictional act (now Title 28, sec. 1498 U.S.C.) was amended July 17, 1952, so that now a government employee has the right to bring suit for infringement against the United States in this court under his patent except in certain cases such as "where he was in a position to order, influence, or induce use of the invention by the Government" and where the invention is related to certain official functions of the employee.

The plaintiff Stub thereupon again filed suit in this court upon the same patent involved in the former suit, No. 2,346,337, which does not expire until April 11, 1961. It appears from certain letters which the plaintiff Stub has written to the court subsequent to the filing of his present petition that he is of the belief that section 1498 of Title 28 of the United States Code, as amended July 17, 1952, is retroactive in effect and that any cause of action which plaintiff may have thought he had at the time of filing his previous petition has now been revived and merged with the cause of action asserted in his present petition.

However, in the case of Strategical Demolition Torpedo Company, Inc., v. United States, 110 F.Supp. 264, 124 Ct. Cl. 492, this court decided that the jurisdictional act of July 17, 1952, did not have retroactive effect so as to change the law as applied in a prior case by the same plaintiff.

On November 13, 1953, the defendant filed a motion for an order declaring the period of plaintiff's recovery herein, if any. Such motion was allowed, the court indicating that plaintiff's period of recovery, if any, is restricted to that period from July 17, 1952, the date of the jurisdictional act relied upon by the plaintiff, to July 24, 1953, the date on which plaintiff's petition was filed.

On December 7, 1953, plaintiff filed a motion to render judgment to establish the date of complete invention and to compare each claimed structure in the patent with each claimed structure in evidence. In this motion plaintiff makes reference to Rule 16(c) of the Court of Claims, 28 U.S.C.A., pointing out that it calls for judgment on the pleadings at the request of either party. Since plaintiff's motion filed December 7, 1953, refers to matters outside the pleadings, counsel for defendant has stated that he will interpose no objection to having this motion treated as a motion by plaintiff for summary judgment pursuant to Rule 16(c) of this court, and it is so treated.

■ Since the amendment to the patent jurisdictional act of July 17, 1952, the date of completion of the invention is no longer crucial and is not for us to decide.

As to the second phase of plaintiff's motion, *i. e.*, the comparison of each claimed structure of the patent with each claimed structure in evidence, plaintiff has adduced no proof of manufacture, use, or sale by or for the Government of any device embodying the invention covered by the claims of the patent in suit during the period of recovery hereinbefore set forth.

Plaintiff's motion for summary judgment is accordingly dismissed.

■ Under date of December 17, 1953, defendant filed a motion for summary judgment, pointing out in detail by means of eight affidavits attached thereto and establishing by officials having knowledge of the facts that defendant has at no time during the period covered by plaintiff's petition, namely, between the dates of July 17, 1952, and July 24, 1953, both inclusive, manufactured, used or sold, or had manufactured or used for it, any ship or other device embodying the alleged invention or inventions illustrated and described in and covered and defined by the claim of plaintiff's patent in suit, or any of them. In connection with such affidavits plaintiff has not filed any controverting affidavits nor offered any opposing proof to the statements in the defendant's affidavits. See Gray v. Amerada Petroleum Corp., 5 Cir., 145 F.2d 730; Foster v. General Motors Corp., 7 Cir., 191 F.2d 907, 912, and cases cited therein. These facts are therefore taken to be true, and plaintiff's petition is dismissed.

It is so ordered.