**GEARON et al. v. UNITED STATES.**
No. 159-53.

United States Court of Claims.
June 8, 1954.

See also 115 F.Supp. 910, 126 Ct.Cl. 548.

Walter F. Boye, Chicago, Ill., for plaintiffs. Donald M. Reno, Champaign, Ill., and Smith, Ristig & Smith, Washington, D. C., were on the brief.

Eugene R. Weisbender, Washington, D. C. with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER and MADDEN, Judges.

JONES, Chief Judge.

Defendant's motion for summary judgment urges dismissal of the petition herein on the grounds that the patent on which the suit is based is void in view of a statutory bar. This will first be considered.

The petition alleges that one of the plaintiffs, James J. Gearon, was the inventor of inflatable, collapsible, military pontoon bridges for which he was issued letters patent No. 2,423,832 on July 15, 1947, on an application filed by Gearon in the United States Patent Office December 21, 1942.

As originally filed on April 20, 1953, the petition contained four counts. On May 20, 1953, the defendant filed a motion to dismiss counts II, III, and IV of the petition as not setting forth any cause of action over which the court has jurisdiction. This motion was sustained in an opinion of the court November 3, 1953, and these counts were dismissed.

The remaining count, count I, is under the provision of the patent laws of the United States, now recodified as 28

U.S.C. § 1498, which provides for suits in this court for the unlicensed use or manufacture by or for the United States of a patented invention.

The petition sets forth certain facts substantiated by references to various publications as to the use and publication of the Gearon invention prior to the filing in the Patent Office of the application that materialized into the patent in suit. These are contained in count IV of the petition. Because of their pertinency to the present issue, we quote from the petition:

" * * * that heeding the said proper and patriotic appeals, said James J. Gearon, inventor of said patent, submitted, or caused to be submitted, his invention, including drawings and specifications, for Inflatable, Collapsible Pontoon Bridges to the Engineering Procurement District of Chicago, Illinois, and under date of August 7, 1940 receipt was acknowledged by said office by letter, * * *.

" * * * that under date of December 19, 1941, the Associated Press covered a dispatch as follows:

" 'United States Army engineers yesterday threw a 315 foot pontoon bridge across the Chattahoochin [sic] river in 2 hours and 6 minutes. This was one hour less than the previous record for a similar span. Col. L. E. Oliver, armored force engineering officer, said the bridge was a radically new design, utilizing rubber balloon pontoons that support two steel treadways. Because of the new bridge strength, 20 ton tanks can cross it at a fair speed, and 12 ton tanks can step it up even faster. There is no speed limit for trucks. Its construction requires only half the number of men needed for old type bridges.'

*      *      *      *

"That photographs of the various pontoon bridges showing use of the invention were contained in various publications, including Life Magazine of December 7, 1942, Life Magazine of December 20, 1943, the Chicago Tribune of December 20, 1941, and that in contrast the Military Engineer in the September–October, 1940, issue, page 362, showed photographs of the old pontoon bridge, which, apparently, was the best pontoon bridge that the defendant knew of or utilized prior to said invention of said plaintiff. * * *"

These assertions were solemnly sworn to by the plaintiffs, including the plaintiff-patentee. An inventor's appraisal of his own invention must necessarily be important. Unless these sworn assertions are challenged or rebutted by the defendant, which defendant has not done, they must be accepted as proved. See Stub v. United States, Ct.Cl., 119 F. Supp. 206, and cases cited therein. While the Stub case dealt with the acceptance as true of uncontroverted statements in affidavits, the same reasoning is equally applicable to sworn statements of fact in the petition if uncontroverted.

Summarizing the above statements in the petition, the Gearon invention, including drawings and specifications, was submitted to the Government in 1940, and a use of the invention was illustrated and described in a printed publication, i. e., The Chicago Tribune, on December 20, 1941.

Reference is next made to the prosecution of the Gearon application which materialized into the patent in suit.

An application for a patent comprises the following parts:

(1) A written petition;

(2) A written description or specification of the invention, together with a claim or claims, and a drawing where the nature of the case admits;

(3) An oath;

(4) A filing fee.

Applications and proceedings on applications are primarily governed by the provisions of the Revised Statutes.

Where these provisions do not cover a particular point, that point is governed by the rules of the Patent Office. Every such rule, unless it is inconsistent with law, is as authoritative as the Revised Statutes. An application is not given a filing date or taken up for examination until all of the above enumerated parts thereof have been filed.

Defendant has attached to its motion as exhibit A a certified copy of pertinent portions of the contents of the Gearon file wrapper which is a public record in the Patent Office. As shown in this record, Gearon on October 1, 1942, forwarded to the Patent Office two sheets of drawings and five sheets of specifications and description of a military pontoon bridge which he stated was his invention, together with a filing fee. His letter of transmittal included the following statement:

"These drawings and specifications and the description are in the original form from which I made copies, and in June, 1940 submitted them to officers of the United States Army, Department of Engineers."

This letter and enclosures were received by the Patent Office on October 3, 1942, and receipt was acknowledged by the Commissioner of Patents in a letter of October 7, 1942, notifying Gearon that the application was incomplete and would be given a filing date as of the date the petition and oath were received. Blank forms for these were forwarded to Gearon in this letter.

On December 19, 1942, Gearon signed the petition and executed the oath before a notary public and forwarded these documents to the Patent Office. These papers were received at the Patent Office on December 21, 1942, and the Patent Office accepted the application as filed complete on that date and so endorsed the file wrapper.

We proceed next to the patent statute, which is controlling in the present situation, R.S. § 4886, Title 35, § 31, U.S.Code (1940 Ed.) in force at the time of the filing and prosecution of the application resulting in the patent here in suit [1] and which was as follows:

"Any person who has invented or discovered any new and useful art, machine, manufacture, or composition of matter, or any new and useful improvements thereof, * * * *not known or used by others in this country, before his invention or discovery thereof, and not patented or described in any printed publication in this or any foreign country, before his invention or discovery thereof, or more than one year prior to his application, and not in public use or on sale in this country for more than one year prior to his application,* unless the same is proved to have been abandoned, may, upon payment of the fees required by law, and other due proceeding had, obtain a patent therefor." [Italics supplied.]

Attention is directed to the exhaustive opinion in Lorenz v. Colgate-Palmolive-Peet Co., 3 Cir., 167 F.2d 423, 429–430, which refers in detail to numerous other cases on the subject matter of this statute. This opinion summarizes this same situation in the following phraseology, except that it has reference to a prior use rather than to a prior publication:

"* * * The prior-public-use proviso of R.S. § 4886 was enacted by Congress in the public interest. It contains no qualification or exception which limits the nature of the public use. We think that Congress intended that if an inventor does not protect his discovery by an application for a patent within the period prescribed by the Act, and an intervening public use arises from any source whatsoever, the inventor must be barred from a patent or from the fruits of his monopoly, if a patent has issued to him. There is not a single word in the statute

which would tend to put an inventor, whose disclosures have been pirated, in any different position from one who has permitted the use of his process. * * * isolated instances of injustice may result if the law be strictly applied, but the inventor's remedy is sure. He is master of the situation and by prompt action can protect himself fully and render the defense of prior public use impossible: 'If (the inventor) fails to take so simple and reasonable a precaution why should it not be said that the risk is his own and that he cannot complain of the consequences of his own supineness?' Moreover, it is apparent that if fraud or piracy be held to prevent the literal application of the prior-public-use provision a fruitful field for collusion will be opened and the public interest which R.S. § 4886 is designed to protect will suffer. While we cannot fail to view Lorenz's predicament with sympathy, we may not render our decision on such a basis. For these reasons we hold, as did the court below, that the Lorenz patent is void by reason of prior public use."

It should be pointed out that the two-year statutory period discussed in this cited case was by act of Congress changed to a one-year statutory period under date of August 5, 1939.

■ The publication in The Chicago Tribune on December 20, 1941, sworn to by the plaintiffs as showing the use of the Gearon invention, was more than one year prior to the completion of the Gearon application in the Patent Office, and the patent is therefore unenforceable because of this statutory bar.

For the reasons stated, defendant's motion for summary judgment is granted.

Plaintiffs' counter-motion is made pursuant to and predicated upon defendant's motion for summary judgment in which certain facts therein are asserted to be true. Plaintiffs, stating that certain material facts exist without substantial controversy, request an order specifying in substance that manufacture and use after the issuance of the Gearon patent in suit by the Government constitutes an infringement of such patent.

Plaintiffs' theory appears to be that if it is an uncontroverted fact that the Government used the Gearon invention prior to the issuance of the patent in suit, if the same structure were made or used after the issuance of the Gearon patent, it would constitute an infringement. Plaintiffs urge that "the strict issue of infringement is fixed;—the same structure is equally applicable for purpose of anticipation or as infringement." This is apparently based upon the patent adage, "That which infringes, if early enough, anticipates."

■ Such order as plaintiffs request of course cannot be entered. In the first place, during the interim between the uncontroverted use of plaintiffs' invention in 1941 and the issuance of the Gearon patent on July 15, 1947, the defendant may well have changed, altered or otherwise modified its pontoon bridge structure. And, secondly, assuming that no change in the Government structure was made, the Gearon patent, as stated, supra, is unenforceable because of the statutory bar. There can be no infringement of an invalid patent.

Plaintiffs' counter-motion is denied.

Defendant's motion for summary judgment having been sustained and plaintiffs' motion having been denied, the petition is dismissed.

It is so ordered.

MADDEN, WHITAKER and LITTLETON, Judges, concur.

LARAMORE, Judge, took no part in the consideration or decision of this case.