# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| WILLIAM NEWCOMER, a married man as his separate estate, | No. 50247-0-II |
| Respondent, | |
| v. | |
| MICHAEL COHEN and "JANE DOE" COHEN, husband and wife and the marital community of the composed; APEX PENTHOUSE CONDOS, LLC, a Washington limited liability company; and APEX APARTMENTS I TIC, LLC, a Washington limited liability company; MC APEX, LLC, a Washington limited liability company; AMC FAMILY LLC, a Washington limited liability company; NEWCOMER APEX I TIC, LLC, a Washington limited liability company, | |
| Appellants, | |
| ECKSTEIN INVESTMENTS, LLC, a Washington limited liability company; RB&F PROPERTY MANAGEMENT, LLC, a Washington limited liability company; | |
| Respondents, | |
| ENTRUST NORTHWEST, LLC, a Washington limited liability company; BILL DONOHOE; 2009 NEWCOMER FAMILY, L.L.C., a Washington limited liability company, BR NEWCOMER, LLC, a Washington limited liability company, | UNPUBLISHED OPINION |
| Third Party Defendants. | |

No. 50247-0-II

WORSWICK, J. — This is the second case arising out of William Newcomer's investments in apartment and condominium buildings developed and managed by Michael Cohen. Here, multiple appellants[1] appeal the trial court's summary judgment order that ruled certain LLC (limited liability company) agreements Newcomer had entered into were void.[2]

In 2005, Cohen, Newcomer, and others became members of Apex Apartments LLC as a means of investing in a multimillion dollar apartment and condominium construction project. Cohen managed the LLC and sold securities to Newcomer. During the course of the endeavor, Newcomer transferred his interests from Apex Apartments LLC to new, related limited liability companies.[3] Other members made similar transfers.[4] In addition, Newcomer loaned Cohen, Apex Condos, and Apex TIC, $600,000, and secured the loan with a promissory note. In 2008, Newcomer obtained a $2,309,552 judgment against Cohen for Cohen's violation of the Washington State Securities Act (WSSA). Cohen appealed, and this court affirmed the judgment.[5]

---

[1] The appellants include Michael Cohen, Apex Penthouse Condos LLC (Apex Condos), Apex Apartments I TIC LLC (Apex TIC), and Newcomer I TIC LLC (Newcomer TIC).

[2] The trial court directed entry of a final judgment under CR 54(b).

[3] These companies included Newcomer TIC, Apex TIC, Apex Condos, and Apex Apartments II LLC. (Apex Apartments II LLC is not involved in this appeal.)

[4] The other members included Cohen, Eckstein Investments LLC, RB&F Property Management Inc., and Ken Thomsen.

[5] *Newcomer v. Cohen*, No. 48233-9, slip op at 25 (Wash. Ct. App. May 16, 2017), http://www.courts.wa.gov, *review denied*, 189 Wn.2d 1029.

Newcomer then initiated the lawsuit at issue here, seeking to recover on the $600,000 promissory note. Cohen, Apex TIC, and Apex Condos claimed that a setoff applied because Newcomer's debt owed in capital contributions to the project was greater than the amount owed on the promissory note. On summary judgment, the trial court ruled that all the LLC agreements Newcomer had entered into related to the project were void under the WSSA and RCW 21.20.430(5).[6] Thus, the trial court determined that Newcomer had no liability to Cohen, Apex TIC, or Apex Condos.

We hold that (1) the trial court improperly determined that the prior judgment voided all the LLC agreements; (2) the trial court improperly determined that, as a matter of law, RCW 21.20.430(5) operated to void the LLC agreements; and (3) on the record before us, questions of material fact exist regarding whether RCW 21.20.430(5) precludes Apex Condos, Apex TIC, or Newcomer TIC from bringing suit against Newcomer. We therefore reverse the trial court's order granting summary judgment to Newcomer and remand for further proceedings. We also deny the parties' requests for reasonable attorney fees and costs and we do not consider additional arguments raised by the parties on appeal.

---

[6] RCW 21.20.430(5) states:
> No person who has made or engaged in the performance of any contract in violation of any provision of this chapter or any rule or order hereunder, or who has acquired any purported right under any such contract with knowledge of the facts by reason of which its making or performance was in violation, may base any suit on the contract. Any condition, stipulation, or provision binding any person acquiring any security to waive compliance with any provision of this chapter or any rule or order hereunder is void.

FACTS

I. BACKGROUND

This case has a complex procedural background. Apex Apartments LLC formed in 2005 to hold real property and develop apartment and condominium complexes. Specifically, the LLC sought to develop two buildings in Tacoma.

Multiple parties agreed to join the company as initial investors. These parties included: William Newcomer, Michael Cohen, MC Apex LLC, Ken Thomsen, AMC Family LLC, Jess Thomsen Inc., Eckstein Investments LLC (Eckstein), and RB&F Property Management LLC. (RB&F).[7] Cohen became manager of Apex Apartments LLC.

The parties agreed that Cohen, Thomsen, and Newcomer, as primary members, would each contribute an initial capital contribution of $800,000. Eckstein Investments and RB&F as secondary members would each contribute $100,000.

The parties entered into an operating agreement for Apex Apartments LLC. The LLC agreement required the members to make additional capital contributions (also known as "capital calls"). Clerk's Papers (CP) at 56. The agreement provided that each member "shall be required to make such additional Capital Contributions as shall be determined by the Manager." CP at 115.

---

[7] The following parties are aligned with Cohen in this appeal: MC APEX LLC, Ken Thomsen, Jess Thomsen Inc., AMC Family LLC, and Apex TIC, Newcomer Apex I TIC LLC, and Apex Condos. Where necessary, this author will refer to these parties collectively as the "defendants."
The following parties are aligned with Newcomer in this appeal: Eckstein Investments LLC and RB&F Property Management LLC.

From 2005 to 2008, Cohen made four capital calls to Newcomer and other members. These capital calls were considered sales of securities. In response to each capital call, Newcomer contributed all of the requested amount in cash. Cohen, however, did not. Instead, Cohen engaged in financial maneuvers he failed to disclose to Newcomer, including crediting $350,000 in "deferred equity" or "deferred management fees" toward his capital account and borrowing hundreds of thousands of dollars from another company that Cohen and Thomsen owned in order to contribute Cohen's share of capital to the project. CP at 1475, 1506.

In March 2008, the members reorganized Apex Apartments LLC. They formed two tenants-in-common (TIC) entities, Newcomer Apex I TIC LLC (Newcomer TIC) and Apex Apartments I TIC LLC (Apex TIC) for the purpose of holding the real estate for the project. A statutory warranty deed transferred a one-third real property interest to Newcomer TIC. Cohen managed both TICs.

In December 2008, Cohen, through Apex Apartments LLC, made a fourth capital call for $910,000 from each principal member. Newcomer contributed $910,000. Again, Cohen did not contribute his capital payment in cash. Without informing Newcomer, Cohen contributed his $910,000 share through a reduction in the debt owed to his other company. Newcomer requested financial information from Cohen, but the information Cohen provided was not complete.

In July 2010, Cohen asked Newcomer for a $600,000 loan and Newcomer obliged. This loan was secured by a promissory note. Cohen, Apex Condos, and Apex TIC, were all makers on the note.[8] The due date for the note was November 1, 2015. In October 2010, the members

---

[8] The note was also secured by a deed of trust in property owned by BR Newcomer LLC, a different company Newcomer owned.

of Apex Apartments LLC formed yet another new company, Apex Penthouse Condos LLC (Apex Condos). Cohen also managed this company on behalf of the members. At this point, Newcomer held interests in Newcomer TIC, Apex TIC, and Apex Condos; Newcomer entered LLC agreements with each member of the entities. In 2013, Newcomer discovered, some of Cohen's deceptions.

## II. NEWCOMER I LAWSUIT

In January 2014, Newcomer sued Cohen, alleging violation of the WSSA and seeking damages. Newcomer asserted, among other things, that Cohen made misrepresentations in connection with the four capital calls.[9] Newcomer did not seek rescission of any LLC agreements and did not request that the court void any agreements.

In February 2015, Cohen made a final capital call in the amount of $1,552,693.88, to cover the remaining debts. Newcomer did not contribute any capital in response to the call by Cohen. Then in April 2015, a company purchased the Apex project for $26,500,000.00. The investors received no return on their contributions; Newcomer lost his total capital contribution of $2,309,522.00.

Newcomer's suit against Cohen proceeded to trial. In September 2015, the jury entered a special verdict in Newcomer's favor. The jury awarded Newcomer damages in the amount of $2,309,552 which was the total amount in capital contributions he made to the Apex project.

---

[9] Newcomer also asserted claims for mismanagement, failure to provide an accounting, and a derivative action claim on behalf of Apex Apartments LLC, Apex Apartments II LLC, and Apex Penthouse Condos LLC as a member.

The verdict form stated Cohen violated the WSSA with respect to the sale of securities through the four capital calls.

The trial court then entered a judgment on the verdict against Cohen in the amount of $2,309,552.  Cohen appealed to this court, and we affirmed the judgment.  *Newcomer v. Cohen*, No. 48233-9, slip op. at 25 (Wash. Ct. App. May 16, 2017), http://www.courts.wa.gov/opinions, *review denied*, 189 Wn.2d 1029.

### III.  CURRENT SUIT BY NEWCOMER

In January 2016, Newcomer initiated a suit against Cohen, Apex Condos, and Apex TIC, for the entire balance of the $600,000 promissory note that became due in November 2015. Newcomer alleged breach of contract and unjust enrichment.

Cohen filed an answer to Newcomer's complaint and asserted counterclaims, cross claims, and third-party claims.  Apex Condos and Apex TIC also filed an answer to Newcomer's complaint, and asserted counterclaims, cross claims, and third-party claims.  Apex Condos and Apex TIC asserted setoff as an affirmative defense, arguing that they had the right to cancel the alleged debt secured by the promissory note in an amount "equal to unpaid capital-call obligations" owed by Newcomer.  CP at 2651.  Apex Condos and Apex TIC also argued that collateral estoppel, equitable estoppel, judicial estoppel, and res judicata applied to prevent Newcomer from asserting certain claims.[10]

---

[10] These procedural facts are abbreviated to include only germane details.  Because the trial court entered a CR 54(b) certification and granted a stay of proceedings, there remains a multitude of unresolved claims, counter claims, cross claims, and defenses among and between the various parties.

Third-party defendants Eckstein Investments and RB&F Property Management filed answers denying Apex Condos and Apex TIC's third-party claims. Third-party defendant BR Newcomer, LLC filed an answer denying Cohen's third-party claims.

## IV. THREE MOTIONS FOR SUMMARY JUDGMENT

A.    *Newcomer's First Motion for Partial Summary Judgment*

In June 2016, Newcomer filed his first motion for partial summary judgment seeking judgment on the promissory note. Newcomer argued that the note was due and that the makers of the note had not paid.

Cohen, Apex Condos, and Apex TIC, all responded arguing that the debt to Newcomer had been paid in full by "crediting Newcomer's capital-call obligations" as a form of setoff. CP at 3014. Apex Condos and Apex TIC also argued that Newcomer's capital call debt exceeded the debt on the promissory note and that Apex Condos and Apex TIC paid the debt owed to Newcomer by cancelling a proportionate amount of his capital call obligations. The trial court denied Newcomer's motion for summary judgment, noting that issues of fact existed regarding potential setoff under the LLC agreements.

B.    *Newcomer's Second Motion for Summary Judgment and Apex Condos and Apex TIC's Cross Motion for Partial Summary Judgment*

In November 2016, Newcomer filed a second motion for partial summary judgment. Newcomer sought an order stating that he had no capital call liability to Cohen, Apex Condos, or Apex TIC which could be used to set off the obligations of the promissory note. Specifically, Newcomer claimed that as a result of being awarded an amount equal to his entire investment, and because he tendered back all of his member interest to Cohen, the judgment in *Newcomer* I

awarded him rescission.[11] He argued that because he was awarded rescission, he held no membership in any Apex entity and could not be compelled to make a capital contribution.

Newcomer also argued that all affirmative defenses, counterclaims, any third-party claims that the defendants raised stem from the claim that Newcomer had capital call liability and therefore the claims should be dismissed.[12] Finally, Newcomer argued that the LLC agreements did not allow Cohen to compel additional capital contributions, because the agreements provided for alternative remedies in the event a member failed to respond to a capital call.

Cohen, Apex Condos, and Apex TIC all responded. Apex Condos and Apex TIC also filed a cross motion for partial summary judgment "on [all] issues" raised by Newcomer.[13] CP at 1640. The trial court denied Newcomer's second motion for summary judgment.

C.     *Apex Condos and Apex TIC's Separate Motion for Summary Judgment*

A few days after Newcomer filed his second motion for partial summary judgment, Apex Condos and Apex TIC filed an additional motion for partial summary judgement on various issues, separate from their earlier cross motion for summary judgment. Specifically at issue was

---

[11] Despite arguing in the trial court that the judgment in *Newcomer* I granted him rescission, at oral argument, Newcomer claimed that the rescission issue was a "red herring." Wash. Court of Appeals oral argument, *Newcomer v. Cohen*, No. 50247-0-II (Sept. 6, 2018), at 19 min., 24 sec. (on file with court). Because it appears the trial court's ultimate decision appears to be based in part on rescissionary concepts, we analyze whether *Newcomer* I granted Newcomer rescission.

[12]  Third-party defendants, Eckstein Investments LLC and RB&F Property Management LLC, both joined in Newcomer's motion for partial summary judgment.

[13] AMC Family LLC joined in Apex Condos and Apex TIC's response and cross motion for partial summary judgment.

whether, under the LLC agreements, Newcomer could be held personally liable for the debts of

Apex Condos, Apex TIC, and Newcomer TIC, up to 100 percent of his "initial capital

contribution," and whether Newcomer breached his capital call obligations to those entities by

failing to tender his capital call contribution by the deadline. CP at 1159.[14]

The trial court entered an order denying in part and granting in part Apex Condos and

Apex TIC's motion for summary judgment. With respect to the issue of Newcomer's capital call

liability, the court reserved ruling on the issue and requested additional briefing from the parties

to address rescission. The court stated that the next steps would be "to resolve this issue of the

effect of tendering back the security interest in return for going forward with the [rescission]

action and what effect that has on subsequent actions pursuant to the contract." Verbatim Report

of Proceedings (VRP) (Jan. 9, 2017) at 65.

V.  SUPPLEMENTAL BRIEFING

All parties submitted initial supplemental briefing on January 19, 2017 addressing the

rescission issue. In his supplemental brief, Newcomer argued for the first time that an

affirmative defense under the WSSA applied that prohibited Cohen or Apex Condos, Apex TIC,

and Newcomer TIC from enforcing the LLC agreements against Newcomer. Newcomer cited

RCW 21. 20.430(5), which states:

> No person who has made or engaged in the performance of any contract in violation
> of any provision of this chapter or any rule or order hereunder, or who has acquired
> any purported right under any such contract with knowledge of the facts by reason
> of which its making or performance was in violation, may base any suit on the
> contract. Any condition, stipulation, or provision binding any person acquiring any

---

[14] Apex Condos and Apex TIC also asserted 10 other arguments in their summary judgment motion, none of which are at issue in this appeal.

security to waive compliance with any provision of this chapter or any rule or order hereunder is void.

CP at 2341.

Cohen, Apex Condos, and Apex TIC argued, among other things, that *Newcomer* I did not award rescission to Newcomer as a remedy, that the trial court should not consider Newcomer's defense of RCW 21.20.430(5) because it was raised for the first time in a supplemental brief, and that Newcomer "was not entitled to equitable rescission for that investment because he no longer owned the relevant security." CP at 2407. Additionally, Apex Condos and Apex TIC argued RCW 21. 20.430(5) could not apply in the present case because neither they nor Newcomer TIC were parties to the *Newcomer* I judgment.

At a hearing on the issue of rescission, when Cohen, Apex Condos, and Apex TIC argued that Newcomer should not be allowed to assert any affirmative defense, the court asked, "Well, generally speaking, though, don't the pleadings conform to the proof? And if an amendment was requested, it would be liberally granted should that occur?" VRP (Jan. 27, 2017) at 10. Apex Condos and Apex TIC responded that there is generally "liberal amendment" only if a party requests an amendment "with good cause" and where there was time remaining in the scheduling order to allow an amendment. VRP (Jan. 27, 2017) at 10. Cohen asserted that Newcomer's defense was untimely. The court did not further engage in any discussion on the issue of whether Newcomer properly raised the defense.

On February 10, Newcomer filed a motion to amend his answer to Apex Condos and Apex TIC's counterclaims to include the affirmative defense that no party could compel additional capital contributions because enforcement of the LLC agreements was statutorily barred by chapter 21.20 RCW. As discussed below, this motion remains pending.

11

## VI. THE TRIAL COURT'S ORDER

On February 14, the trial court entered a written decision ruling that Newcomer was entitled to partial summary judgment. The decision stated that Newcomer "had the original securities to tender back at the time of commencement of the securities litigation" and that "[a]ll property in the subsequently formed LLC's derived from the original Apex Apartment, LLC investment." CP at 2598. The court ruled that the agreement "relative to the Apex Apartments LLC was rendered void and unenforceable in the securities action," and that "Newcomer was awarded the measure of damages by the jury in the securities trial which restored him to the relative position he would have occupied if no contract had ever been made." CP at 2598. The court cited RCW 21.20.430(5) and ruled that a "[v]iolation of the WSSA, as was found in the securities case, rendered the Apex Apartments, LLC agreement unenforceable since RCW 21.20.430(5) prohibits 'any suits on the contract[.]'" CP at 2597. In its discussion of rescission, the trial court found that Newcomer had tendered back his securities.

The trial court's decision to grant Newcomer's motion for partial summary judgment appears to be based on two different theories. First, the court ruled that the "contract relative to Apex Apartments LLC was rendered void and unenforceable in the securities action" because the jury awarded Newcomer an amount of damages equal to his total contribution, thus restoring Newcomer to the position he would have occupied if no contract had ever been made. CP at 2598. The trial court then determined that because the Apex Apartments LLC agreement was void, all subsequent LLC agreements were "necessarily void." CP at 2598. Second, the court ruled that RCW 21.20.430(5) rendered all of the LLC agreements unenforceable because the jury found that Cohen violated the WSSA in the *Newcomer* I case.

12

The court also denied Apex Condos and Apex TIC's cross motion for summary judgment. The trial court's decision did not contain any finding or determination regarding Newcomer's motion seeking leave to amend his answer or any determination regarding Newcomer's ability to assert RCW 21.20.430(5) as an affirmative defense.

Soon thereafter, Cohen, Apex Condos, and Apex TIC filed pleadings opposing Newcomer's motion to amend his answer to add affirmative defenses. The trial court did not rule on Newcomer's motion to amend.

Cohen also filed a motion for CR 54(b)[15] certification, or in the alternative, for reconsideration. Cohen requested that the court enter a final judgment with respect to the court's February 14 written decision and also stay the lawsuit to allow review by this court. Apex Condos and Apex TIC joined in Cohen's motion for CR 54(b) certification.

On February 24, the trial court entered an order granting Newcomer's motion for partial summary judgment and vacating its previous denial of Newcomer's second motion for partial summary judgment. The court also entered an order granting Cohen's motion for CR 54(b) certification and stay. The trial court's order did not rule on Newcomer's motion to amend.[16]

---

[15] CR 54(b) makes an immediate appeal available in situations in which it could be unjust to delay entering a judgment on a distinctly separate claim until the entire case has been finally adjudicated. _Nelbro Packing Co. v. Baypack Fisheries, L.L.C._, 101 Wn. App. 517, 522-23, 6 P.3d 22 (2000). Four things are required for a trial court to grant CR 54(b) certification:

> (1) more than one claim for relief or more than one party against whom relief is sought; (2) an express determination that there is no just reason for delay; (3) written findings supporting the determination that there is no just reason for delay; and (4) an express direction for entry of the judgment.

_Fluor Enters., Inc. v. Walter Constr., Ltd._, 141 Wn. App. 761, 767, 172 P.3d 368 (2007).

[16] The trial court did not specifically rule on Cohen's motion for reconsideration.

13

Cohen and "Apex Entities"[17] now appeal the trial court's February 14 written decision and subsequent February 24 order granting Newcomer's motion for partial summary judgment. Newcomer requests that we award him reasonable attorney fees and costs. The Apex Entities also request reasonable attorney fees and costs on appeal.

ANALYSIS

I. SUMMARY OF PARTIES' POSITIONS ON APPEAL

Cohen argues that (1) the trial court's order granting Newcomer partial summary judgment is erroneous because the court improperly interpreted the judgment from the *Newcomer* I case and held that the LLC agreements were void, (2) the merger doctrine prevents Newcomer from arguing for rescission in the present case, (3) the trial court's ruling adversely affects innocent parties, (4) the court erroneously allowed Newcomer to argue RCW 21.20.430(5) as an affirmative defense, and (5) RCW 21.20.430(5) does not operate to prevent enforcement of the various LLC agreements because there has been no determination that the agreements or the parties violated the WSSA.

The Apex Entities additionally argue that (1) the trial court improperly interpreted the *Newcomer* I judgment, (2) questions of fact exist regarding the affirmative defense based on RCW 21.20.430(5), and (3) the doctrine of res judicata prevents Newcomer from arguing for rescission in the present case.[18]

---

[17] We refer collectively to Apex Condos, Apex TIC, and Newcomer TIC as Apex Entities in part because they refer to themselves by this moniker in their collective brief.

[18] Appellants AMC Family LLC, Jess Thomsen Inc., and Ken Thomsen joined in the opening brief filed by the Apex Entities.

Newcomer argues in response that (1) none of the LLC agreements can be enforced against him because Cohen violated the WSSA; (2) he did not waive his right to assert RCW 21.20.430(5), and the statute applies to prohibit Cohen and the Apex Entities from enforcing any capital call obligation against him; (3) the contracts are still "voidable" based on Cohen's common law fraud; and (4) this court may affirm summary judgment based on the language of the LLC agreements and on the ground that Cohen committed fraud. Br. of Resp't (Newcomer) at 29.

Eckstein Investments LLC and RB&F Property Management LLC join in Newcomer's brief on appeal. Further, they argue that the Apex Entities, apparently through a theory of agency, obtained "knowledge of the facts" surrounding Cohen's WSSA violation and that Cohen's arguments about the effects of the court's decision on "'innocent third parties'" is not persuasive. Br. of Resp'ts (Eckstein and RB&F) at 14.

We hold that the trial court improperly granted summary judgment to Newcomer based on an erroneous conclusion that the *Newcomer* I judgment voided any of the LLC agreements. We also hold that the trial court erred in granting summary judgment based on RCW 21.20.430(5) because questions of fact exist. We do not consider the issues of merger, innocent parties, res judicata, common law fraud, agency, or whether the LLC agreements prevent the remedy of setoff.

## II. SUMMARY JUDGMENT NOT PROPER

A. *Summary Judgment Principles*

We review summary judgments de novo, performing the same inquiry as the superior court. *Lakey v. Puget Sound Energy, Inc.*, 176 Wn.2d 909, 922, 296 P.3d 860 (2013). We may

affirm summary judgment on any ground supported by the record. *Pac. Marine Ins. Co. v. Dep't of Revenue*, 181 Wn. App. 730, 737, 329 P.3d 101 (2014). The evidence, and all reasonable inferences therefrom, are viewed in the light most favorable to the nonmoving party. *Lakey*, 176 Wn.2d at 922. Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." CR 56(c). A material fact is one upon which the outcome of the litigation depends. *In re Estate of Black*, 153 Wn.2d 152, 160, 102 P.3d 796 (2004). The party moving for summary judgment bears the initial burden of showing the absence of an issue of material fact. *Kofmehl v. Baseline Lake, LLC*, 177 Wn.2d 584, 594, 305 P.3d 230 (2013).

B.      *Washington State Securities Act Principles*

Washington's securities fraud laws are modeled after the Uniform Securities Act. *Herrington v. David D. Hawthorne, CPA, P.S.*, 111 Wn. App. 824, 838, 47 P.3d 567 (2002). Washington courts often look to federal court decisions interpreting analogous provisions of federal securities law to inform their interpretation of the WSSA. *Helenius v. Chelius*, 131 Wn. App. 421, 448, 120 P.3d 954 (2005).

The WSSA is a remedial statute. *Go2Net, Inc. v. Freeyellow.com, Inc.*, 126 Wn. App. 769, 775, 109 P.3d 875 (2005). Courts construe the WSSA broadly to effectuate its intent [to protect investors]. *Helenius*, 131 Wn. App. at 432. The WSSA protects investors from speculative or fraudulent schemes of promoters. *Go2Net*, 126 Wn. App. at 775. The Act also has the purpose of broad protection of the public. *FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc.*, 180 Wn.2d 954, 971, 331 P.3d 29 (2014). Further, RCW 21.20.430 parallels section 410 of the Uniform Securities Act. *Herrington*, 111 Wn. App. at 838.

16

C.    *Newcomer* I *Judgment Did Not Void Agreements*

Cohen and the Apex Entities argue that the trial court erred when it ruled that all the LLC agreements were void. Cohen asserts that Newcomer did not seek rescission as a remedy or seek to have any agreements rendered void in the *Newcomer* I case, and that the judgment from *Newcomer* I did not grant rescission but only granted relief through monetary damages. Cohen also claims that, as a matter of law, Newcomer could never have sought rescission because at the time he filed the *Newcomer* I lawsuit, Newcomer no longer held the underlying securities.

We hold that because the trial court in *Newcomer* I did not grant Newcomer the equitable remedy of rescission or otherwise void any contracts, the trial court in this case improperly granted summary judgment and rendered void the original Apex Apartments LLC agreement and the subsequent LLC agreements.

Where a judgment is ambiguous, a reviewing court seeks to ascertain the intention of the court entering the original decree by using general rules of construction applicable to statutes, contracts, and other writings. *Callan v. Callan*, 2 Wn. App. 446, 468 P.2d 456 (1970). This is "not a question of fact, but is a question of law for this court." *Leavy, Taber, Schultz & Bergdahl v. Metropolitan Life Ins. Co.*, 20 Wn. App. 503, 504, 581 P.2d 167 (1978). We are limited to examining the provisions of the decree to resolve issues concerning its intended effect. *Gimlett v. Gimlett*, 95 Wn.2d 699, 704-05, 629 P.2d 450 (1981).

In *Newcomer* I, Newcomer never prayed for the voiding of any contract or otherwise requested rescission of any LLC agreements. Newcomer argued only that a rescissionary *measure of damages* should be applied. The trial court in *Newcomer* I never entered any finding or ruling purporting to void the Apex Apartments LLC agreement or any subsequent LLC

agreements.[19] The special verdict form does not mention the voiding of any contract. Newcomer sought damages and received a judgment in his favor for an amount of damages which equaled the total dollar amount he had invested into the project. Neither the trial court nor the jury in *Newcomer* I voided any contract.

Further, to the extent the trial court based its decision on the opinion that the *Newcomer* I judgment awarded Newcomer rescission, the trial court erred. Contract rescission is an equitable remedy in which the court attempts to restore the parties to the positions they would have occupied had they not entered into the contract. *Bloor v. Fritz*, 143 Wn. App. 718, 739, 180 P.3d 805 (2008). The remedy of rescission rests within the equitable discretion of the court. *Hornback v. Wentworth*, 132 Wn. App. 504, 511, 132 P.3d 778 (2006), *review granted*, 158 Wn.2d 1025 (2007).

Under true rescission, the plaintiff returns to the defendant the subject of the transaction, plus any other benefit received under the contract, and the defendant returns to the plaintiff the consideration furnished plus interest. A*mbassador Hotel Co., Ltd. v. Wei-Chuan Inv*., 189 F.3d 1017, 1031(9th Cir. 1999). In the securities context, "[r]escission reverses the fraudulent transaction and returns the parties to the position they occupied prior to the fraud." *Ambassador Hotel Co., Ltd.*, 189 F.3d at 1031.

Rescissionary damages, on the other hand, are monetary damages awarded to restore a plaintiff to the position occupied before the defendant's wrongful acts. *Strategic Diversity, Inc.*

---

[19] The *Newcomer* I trial court also never entered any specific findings as to whether Newcomer had the securities to tender back, a general prerequisite to being awarded actual rescission. *See* RCW 21.20.430(1)-(2).

*v. Alchemix* Corp., 666 F.3d 1197, 1207 (9th Cir. 2012). Rescissionary damages "contemplate[] a return of the injured party to the position he occupied before he was induced by wrongful conduct to enter into the transaction." *Nelson v. Serwold*, 576 F.2d 1332, 1339 (9th Cir. 1978). Rescissionary damages are to be measured so as to result in the substantial equivalent of rescission. *Randall v. Loftsgaarden*, 478 U.S. 647, 656, 106 S. Ct. 3143, 92 L. Ed. 2d 525 (1986).

More importantly, rescission is an equitable remedy that *cannot* be determined by a jury. *See Hornback*, 132 Wn. App. at 511. "[I]n an equity case the court may empanel a jury only for advisory purposes, unless both parties consent to be bound by the verdict." *Kim v.* Dean, 133 Wn. App. 338, 342, 135 P.3d 978, 981 (2006). In *Newcomer* I, neither the prayer for relief, nor the verdict form, nor the judgment mentions rescission. There is no showing that the trial court exercised equitable powers or granted rescission. Rescission cannot simply be *inferred* from the judgment. *See Allen v. Wall*, 7 Wash. 316, 318, 35 P. 65 (1893).

Although the parties spend a significant amount of time arguing about whether Newcomer did or did not have the securities to tender back—a prerequisite to engaging in rescission—this is also a question not addressed in *Newcomer* I. Moreover, this issue appears to involve issues of fact. *See Helenius v. Chelius*, 131 Wn. App. at 434-35 (holding that whether a party has the securities to tender back is a question of fact). Thus, it was error for the trial court to base any part of its decision on a finding that Newcomer had tendered back the securities.

The trial court in *Newcomer* I did not void any contracts or otherwise grant Newcomer rescission. Thus, the trial court erroneously interpreted the *Newcomer* I judgment and

improperly determined that the judgment rendered void the Apex Apartments LLC agreement and improperly determined that the subsequent LLC agreements were necessarily void.[20]

D.     *RCW 21.20.430(5)*

1. *Waiver*

Cohen and the Apex Entities first argue that Newcomer waived the affirmative defense in RCW 21.20.430(5) because he failed to plead it. Because the parties had an opportunity to respond fully to Newcomer's arguments regarding RCW 21.20.430(5), and because it would be a waste of judicial resources to decide this issue on a procedural matter that would likely be remedied in Newcomer's favor on remand, we exercise our discretion to consider the merits of Newcomer's statutory defense argument.

CR 8(c) requires parties to plead affirmative defenses in the answer to a pleading. Affirmative defenses that are not properly pleaded are deemed waived. Courts employ a flexible reading of the CR 8(c) requirements. *Mahoney v. Tingley*, 85 Wn.2d 95, 100, 529 P.2d 1068 (1975). The underlying policy of CR 8(c) is to avoid surprise, and "[w]here failure to plead a defense affirmatively does not affect the substantial rights of the parties, the noncompliance will be considered harmless." *Mahoney*, 85 Wn.2d at 100.

Here, after the parties objected to Newcomer's unpled affirmative defense, Newcomer moved to amend his pleadings. The trial court never ruled on this motion, in part because the trial court stayed the proceedings. We could remand to the trial court for a determination on Newcomer's motion to amend. However, because the trial court's order on summary judgment

---

[20] Because we hold that the trial court erred in determining that *Newcomer I* voided the LLC agreements, we do not reach the parties' arguments regarding innocent parties, merger, or res judicata.

clearly references the defense in RCW 21.20.430(5) and applies the defense to the case, it appears that the trial court impliedly accepted Newcomer's presentation of the defense. Further, on appeal Cohen, Apex Condos, Apex TIC, Eckstein, and RB&F all submitted supplemental response briefs and addressed the merits of Newcomer's affirmative defense arguments.

Appellate courts retain wide discretion in determining which issues must be addressed to properly decide a case on appeal. *See, e.g.*, RAP 12.1(b); RAP 7.3; RAP 1.2. Under the circumstances of this case, because the trial court impliedly accepted Newcomer's motion to amend his answer to include the defense, and then ruled on the defense, we exercise our discretion in the interests of judicial economy, and we reach the merits of whether RCW 21.20.430(5) applies in this case.[21]

2. *Summary Judgment Based on RCW 21.20.430(5) Was Erroneous*

The Apex Entities argue that RCW 21.20.430(5) does not bar enforcement of the LLC's operating agreements against Newcomer. Specifically, the Apex Entities assert that RCW 21.20.430(5) does not render the LLC agreements void and does not prevent suits on LLC agreements that were not at issue in the *Newcomer* I case.

Newcomer claims that because the Apex Apartments, LLC agreement was entered into in violation of the WSSA, under RCW 21.20.430(5), he cannot be compelled to make additional capital contributions to any of the entities seeking contribution in this case.

---

[21] Because we reach the merits of the parties arguments regarding RCW 21.20.430(5), we do not address Newcomer's arguments that the statute's language protects Newcomer from waiver for failing to raise an affirmative defense, and that Cohen invited the error by seeking to have the trial court stay the proceedings.

We hold that Newcomer did not meet his burden to show that there are no questions of fact regarding whether RCW 21.20.430(5) bars enforcement of the agreements and, thus, the trial court improperly granted summary judgment to Newcomer on this ground.

We review questions of statutory interpretation de novo. *Williams v. Tilaye*, 174 Wn.2d 57, 61, 272 P.3d 235 (2012). In interpreting statutes, our goal is to "ascertain and carry out the legislature's intent." *Jametsky v. Olsen*, 179 Wn.2d 756, 762, 317 P.3d 1003 (2014). We give effect to the plain meaning of the statute as "derived from the context of the entire act." *Jametsky*, 179 Wn.2d at 762. If a statute's meaning is plain on its face, we give effect to that meaning as an expression of legislative intent. *Blomstrom v. Tripp*, 189 Wn.2d 379, 390, 402 P.3d 831 (2017). We may also determine the plain meaning of an undefined term from a standard English dictionary. *HomeStreet, Inc. v. Dep't of Revenue*, 166 Wn.2d 444, 451, 210 P.3d 297 (2009).

RCW 21.20.430(5) states in relevant part:

No person who has made or engaged in the performance of any contract in violation of any provision of this chapter or any rule or order hereunder, or who has acquired any purported right under any such contract with knowledge of the facts by reason of which its making or performance was in violation, may base any suit on the contract.

By its plain language, RCW 21.20.430(5) provides that any contract in violation of the WSSA cannot be enforced by a "person" who made or engaged in the performance of the contract, or who has knowledge of a WSSA violation. RCW 21.20.005(12) defines a "person" as "an individual, a corporation, a partnership, a limited liability company, a limited liability partnership, an association, a joint-stock company." Webster's dictionary defines "knowledge" as "the fact or

22

condition of being cognizant, conscious, or aware of something." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY at 1252 (2002).

The plain language of the statute clearly applies RCW 21.20.430(5)'s prohibition on suits to a person who has engaged in a WSSA violation or who has knowledge of a violation of any provision of the WSSA. Cohen and the Apex Entities are clearly "persons" as contemplated by the statute. However it is currently unresolved whether Cohen or the Apex Entities engaged in a WSSA violation with respect to the LLC agreements at issue here, or whether they had "knowledge" of a violation with respect to the LLC agreements. RCW 21.20.005.

Neither Cohen nor the Apex Entities have been found to have made or engaged in any violation of any WSSA provision with respect to the LLC agreements at issue in this case. The record shows that the Apex Entities were not involved in the *Newcomer* I case and have not been found by any fact finder to be in violation of the WSSA. The only WSSA violation stems from the jury verdict in *Newcomer* I where the jury found that Cohen committed a WSSA violation with respect to four sales of securities related to the Apex Apartments LLC agreement. Although, Cohen is precluded under RCW 21.20.430(5) from bringing suit related to the original Apex Apartments LLC agreement, there has been no finding that he or any of the Apex Entities committed a violation with respect to the LLC agreements at issue in this case.[22] In the record on

---

[22] Eckstein Investments argues that Cohen's knowledge should be imputed to the Apex Entities. The Apex Entities argue that Eckstein and RB&F are precluded from making this, or any, argument because they did not participate in the motion for summary judgment in the trial court. Because this issue was not raised or resolved in the trial court, we do not consider this issue, but instead remand it along with the other unresolved issues to the trial court.

appeal, genuine issues of material fact exist as to whether Cohen or the Apex Entities violated the WSSA or had knowledge of a violation in connection with any LLC agreements.

Further, to the extent that the Apex Entities assert that the trial court erred as a matter of law when it rendered void and unenforceable the LLC agreements based on RCW 21.20.430(5), they are correct. The plain language of RCW 21.20.430(5) prevents a person from bringing suit if that person has engaged in a WSSA violation or has knowledge of a violation with respect to a certain contract; it does not render an agreement "void." Accordingly, the trial court improperly granted summary judgment and erred in concluding that the LLC agreements were unenforceable under RCW 21.20.430(5).

Newcomer asserts that RCW 21.20.430(5) prevents the enforcement of any of the LLC agreements because the Apex Entities "acquired' the 'purported right' to capital calls with knowledge of Cohen's fraud." Br. of Resp't (Newcomer) at 11. However there is nothing in the record to support Newcomer's argument that the entities acquired or received any purported right under the original Apex Apartments LLC agreement. As such, Newcomer did not meet his burden to show that there were no questions of fact as to whether the other entities received a purported right.

Even assuming the other entities had received a purported right under the Apex Apartments LLC agreement, factual questions remain as to whether the Apex Entities acquired that right with "knowledge of the facts by reason of which its making or performance was in violation." RCW 21.20.430(5). Additionally, factual questions remain regarding the issue of imputed knowledge based on a theory of agency.

24

Although the jury determined that Cohen violated the WSSA with respect to the sales of securities related to the Apex Apartments LLC, there remain questions of fact regarding whether any party violated the WSSA or had knowledge of a violation in relation to the various subsequent LLC agreements. Accordingly, genuine questions of material fact exist as to whether Cohen and Apex Entities are prohibited from bringing suit against Newcomer on the Apex Condos, Apex TIC, and Newcomer TIC LLC agreements under RCW 21.20.430(5).[23]

We do not determine whether, as a matter of law, Cohen or the Apex Entities did not acquire a purported right under the original Apex Apartments LLC agreement with knowledge of the fraud. Whether the subsequent LLC agreements were based on knowledge of the securities violation, or are otherwise affected by Cohen's securities violations with respect to the Apex Apartments LLC agreement are questions of fact.

Because genuine questions of fact exist, we hold that the trial court improperly granted summary judgment on the basis of RCW 21.20.430(5).

### III. NEWCOMER'S ADDITIONAL ARGUMENTS

Newcomer makes additional arguments regarding his liability under the LLC agreements. Newcomer asserts that even if the agreements are not void, the jury's finding in *Newcomer* I that Cohen "'made a material misrepresentation or omission'" renders the LLC agreements *voidable* by Newcomer under a theory of fraud. Br. of Resp't (Newcomer) at 29 (quoting CP at 38).

---

[23] Eckstein and RB& F join in Newcomer's arguments regarding RCW 21.20.430(5). The parties also separately argue however that because Cohen is the manager of all the Apex Entities, none of the LLC agreements can be enforced against Newcomer or the third parties. Because we hold that there are genuine issue of material fact as to whether any of the parties violated the WSSA or had knowledge of a violation with respect to the various LLC agreements, we reject Eckstein and RB& F's argument.

Newcomer further argues that the unambiguous language of the LLC agreements provide only for certain remedies, which do not include suing a member for failing to contribute to a capital call. We do not consider these arguments.

A. *Fraud*

Newcomer argues that because he prevailed in the *Newcomer* I case he therefore proved the elements of securities fraud against Cohen, and that the LLC agreements are "voidable" by him. Br. of Resp't (Newcomer) at 30. Newcomer asserts that under common-law fraud the remedy of rescission is available to him.

Under RAP 9.12, an appellate court considers solely the issues and evidence the parties called to the trial court's attention on the motion for summary judgment and does not consider new arguments made for the first time on appeal. Newcomer did not assert common-law fraud against Cohen or any other party in the trial court. Accordingly, we do not consider Newcomer's newly asserted common-law fraud argument on appeal. RAP 9.12.

B. *Contract Language*

Newcomer argues that the unambiguous language of the subsequent LLC agreements he entered into expressly define the Apex Entities' remedies in the event that a member refuses to contribute to a capital call. Newcomer claims that the contract language allows only two exclusive remedies: (1) allowing the contributing members the option to buy the non-contributing member's shares, or (2) dissolution of the company altogether. Newcomer asserts that suing a member based on a failure to contribute requested capital is not a remedy contemplated under the contract.

As a preliminary matter, no other party on appeal addresses the merits of Newcomer's contractual liability argument. The Apex Entities argue only that we lack the "appellate jurisdiction" to hear Newcomer's claims. Amended Reply Br. (Apex Apartments I TIC LLC) at 22. Although this court possesses the ability to decide this issue, we nonetheless decline to consider it.

On an appeal of summary judgment, this court may affirm the trial court on any grounds established by the pleadings and supported by the record. *Otis Hous. Ass'n, Inc. v. Ha*, 165 Wn.2d 582, 587, 201 P.3d 309 (2009). Because the issue regarding the parties' obligations under the contract were before the trial court on summary judgment, we may properly address the issues.

As stated above, no party responds to Newcomer's argument. Moreover, after the summary judgment hearing, the trial court specifically reserved ruling on all the issues affecting Newcomer's contractual liability. Because these contractual issues were reserved by the trial court, and because the appellants have not addressed this issue, we do not address them.

ATTORNEY FEES

On appeal, Newcomer requests this court to award him reasonable attorney fees and costs under RAP 18.1 and the promissory note. The Apex Entities also request reasonable attorney fees and costs on appeal.

A party is entitled to attorney fees on appeal if a contract, statute, or recognized ground of equity permits recovery of attorney fees at trial and the party is the substantially prevailing party

*Hwang v. McMahill*, 103 Wn. App. 945, 954, 15 P.3d 172, 177 (2000). The promissory note between the parties contains a clause providing for the payment of reasonable attorney fees and costs incurred at trial or on appeal to the prevailing party.

Additionally, a request for appellate attorney fees requires a party to include a separate section in her or his brief devoted to the request. RAP 18.1(b). This requirement is mandatory. *Stiles v. Kearney*, 168 Wn. App. 250, 267, 277 P.3d 9 (2012). The rule requires more than a bald request for attorney fees on appeal. *Stiles*, 168 Wn. App. at 267. Argument and citation to authority are required under the rule to advise the court of the appropriate grounds for an award of attorney fees and costs. *Stiles*, 168 Wn. App. at 267.

With respect to Newcomer's request, because we reverse the trial court's order granting summary judgment, Newcomer is not the prevailing party on appeal and, thus, is not entitled to fees and costs. RAP 18.1. Additionally, the Apex Entities included only one sentence requesting attorney fees, without citing any authority for the request, and thus, did not comply with the mandatory requirements of RAP 18.1(b).

Accordingly, we deny both Newcomer's and the Apex Entities requests for costs and fees.

CONCLUSION

We reverse the trial court's order of February 24, 2017 granting summary judgment to Newcomer, and remand for further proceedings.[24]

---

[24] Nothing in this holding affects the trial court's February 24, 2017 order denying Apex Condos and Apex TIC's cross motion for partial summary judgment on various issues.

No. 50247-0-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, P.J.

We concur:

_____
Johanson, J.

_____
Melnick, J.